Eversheds Sutherland (US) LLP
700 Sixth Street, NW, Suite 700
Washington, DC 20001-3980

D: +1 202.383.0172
F: +1 202.637.3593
markherlach@
eversheds-sutherland.com

September 22, 2021

The Honorable Jennifer Choe-Groves, Judge
U.S. Court of International Trade
1 Federal Plaza
New York, New York 10278

Re:  *MS Solar Investments, LLC v. United States* (Ct. No. 21-00303): Response to Court's September 21, 2021 Notice

Dear Judge Choe-Groves:

Plaintiff MS Solar Investments, LLC ("MS Solar"), and its affiliates, successors and assigns by and through its attorneys, requests that the Court authorize discovery in order for Plaintiff to respond to the jurisdictional issues presented by Defendants' Motion to Dismiss, filed on September 14, 2021. Targeted discovery is necessary to determine Defendants' actions, decisions, and their roles relating to the liquidation of the solar panels at issue in this case.

As described in its Complaint filed on June 25, 2021, Plaintiff believes an error was committed by either (or potentially both) U.S. Customs and Border Protection ("CBP") or the Department of Commerce ("Commerce") in the liquidation of an entry of solar panels produced by Yingli Energy (China) Company Limited ("Yingli"). The Yingli solar panels in question were exported from storage in a third country (the Bahamas) and entered the Customs Territory of the United States during the period of review but were purchased from Yingli and exported from China <u>prior</u> to the period of review. When the Complaint was filed, Plaintiff had been unsuccessful in obtaining information from Defendants (despite multiple requests over the course of several months), and it was unclear whether CBP or Commerce, or both, were the source of the error. This uncertainty still remains and is not answered by the existing record.

After Plaintiff filed its Complaint, Defendants finally provided the non-public Commerce liquidation instructions for solar panels manufactured and exported by Yingli (the "Yingli liquidation instructions") as an exhibit in their Motion to Dismiss. However, these instructions do not explain why CBP declined to liquidate the Yingli solar panels at the Yingli specific rate but liquidated the Sun Earth Solar Power Co., Ltd. ("Sun Earth") solar panels, which were imported under the same entry, at Sun Earth's specific rate. This raises a question of what decisions CBP and/or Commerce made in assessing antidumping duties in the liquidation process.

In order to clarify the record and demonstrate that jurisdiction lies under 28 U.S.C. §1581(a) or 28 U.S.C. § 1581(i), Plaintiff requests the following limited discovery in order to determine what actions were taken and decisions made on the part of Defendants:

1. A copy of the non-public Commerce liquidation instructions for solar panels

Eversheds Sutherland (US) LLP is part of a global legal practice, operating through various separate and distinct legal entities, under Eversheds Sutherland. For a full description of the structure and a list of offices, please visit www.eversheds-sutherland.com.

manufactured and exported by Sun Earth (the "Sun Earth liquidation instructions");

2. All documents and communications relating to how Commerce created the Sun Earth liquidation instructions;

3. All documents and communications relating to how Commerce created the Yingli liquidation instructions;

4. All documents and communications relating to Commerce's policy and practices regarding products that were imported and reported by respondents *during* an administrative review, but that were sold by respondents and initially exported *prior* to an administrative review period;

5. Interrogatories regarding the rationale of CBP and Commerce for liquidating MS Solar's imports of Sun Earth solar panels at Sun Earth's specific rate, but not liquidating MS Solar's imports of Yingli solar panels at the Yingli specific rate; and

6. Interrogatories regarding Commerce's rationale for how Separate Rate Applications are generally considered in creating liquidation instructions, and specifically, how Yingli's Separate Rate Application was considered in creating the Yingli liquidation instructions.

The above requests are intended to gather the factual details that are needed to determine the decisions made and actions taken by Commerce and CBP. The information Plaintiff seeks will serve the cause of judicial economy by providing the Court with the information required to address jurisdictional questions at the outset and determine the most efficient approach to addressing the merits of Plaintiff's case.

Respectfully submitted,

Mark D. Herlach
Emily Rosenblum

EVERSHEDS SUTHERLAND (US) LLP
700 Sixth Street, NW
Suite 700
Washington, D.C. 20001

*Counsel to MS Solar Investments, LLC, and its affiliates, successors and assigns*

cc: Marcella Powell, U.S. Department of Justice