## UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:  THE HONORABLE JENNIFER CHOE-GROVES, JUDGE

| | |
|---|---|
| MS SOLAR INVESTMENTS, LLC., and its affiliates, successors and assigns, | : |
| Plaintiff, | : |
| v. | : |
| UNITED STATES OF AMERICA; U.S. DEPARTMENT OF COMMERCE; GINA RAIMONDO, U.S. SECRETARY OF COMMERCE; U.S. CUSTOMS & BORDER PROTECTION; TROY A. MILLER, SENIOR OFFICIAL PERFORMING THE DUTIES OF THE COMMISSIONER FOR U.S. CUSTOMS & BORDER PROTECTION, | : |
| Defendants. | : |

**PUBLIC VERSION**

Court No. 21-00303

Business Proprietary Information has been deleted on Pages 4 and 9

### PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AND MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO AMEND ITS COMPLAINT

Mark D. Herlach
Emily Rosenblum

EVERSHEDS SUTHERLAND (US) LLP
700 SIXTH STREET, NW, SUITE 700
Washington, D.C. 20001

*Counsel to MS Solar Investments, LLC, and its affiliates, successors and assigns*

## <u>TABLE OF CONTENTS</u>

**Page**

INTRODUCTION ............................................................................................................ 2

FACTUAL BACKGROUND ........................................................................................... 6

ARGUMENT .................................................................................................................. 11

I.     THE COURT HAS JURISDICTION OVER THIS ACTION PURSUANT TO 28 U.S.C. § 1581(i), AND DEFENDANTS' MOTION TO DISMISS SHOULD BE DENIED .................................................................................................................. 11

     A.     The Court Has Subject Matter Jurisdiction Over MS Solar's Claims. ................. 12

     B.     Jurisdiction under 28 U.S.C. § 1581(i) Is Proper for Challenges to Commerce's Liquidation Instructions .................................................... 12

     C.     The Court has Jurisdiction to Hear the Merits of MS Solar's Claim under 28 U.S.C. § 1581(i). ................................................................ 16

          1.     MS Solar's Challenge to Commerce's Liquidation Instructions Is Within the Jurisdiction of the Court under 28 U.S.C. § 1581(i) ......................................................................................... 16

          2.     MS Solar's Action Takes Issue with the Administration and Enforcement of Commerce's Final Results ....................................... 17

          3.     Jurisdiction under Any Subsection of 28 U.S.C. § 1581 Other Than § 1581(i) is Improper and Would Be a Manifestly Inadequate Remedy ............................................................... 20

     D.     MS Solar has Stated a Claim for Relief and the Court Should Deny Defendants' Motion to Dimiss ....................................................... 23

          1.     MS Solar's Complaint Includes the Required Elements to Survive a Motion to Dismiss .............................................................. 24

          2.     MS Solar has Sufficiently Alleged that Commerce's Liquidation Instructions Regarding Yingli Solar Panels are Inconsistent and Unreasonable in Light of the Administrative Record and the Final Results of the Administrative Review .............. 24

II.     THE COURT SHOULD GRANT PLAINTIFF'S MOTION TO AMEND ITS COMPLAINT. ................................................................................................... 25

     A.     Rule 15(a)(2) Grants the Court Significant Discretion in Allowing the Amendment of Pleadings. ................................................................ 25

B.      The Court Should Grant MS Solar's Motion to Amend Its Complaint in Light of New Information Provided by Defendants in Response to Discovery Requests.................................................................................. 26

III.     CONCLUSION............................................................................................ 28

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*AM. Air Parcel Forwarding Co. v. United States,*
    718 F.2d 1546 (Fed. Cir. 1983).................................................................13

*Am. Nat'l. Fire Ins. Co. v. United States,*
    30 C.I.T. 931 (Ct. Int'l Trade 2006) ......................................................21

*Am. Signature, Inc. v. United States,*
    2007 U.S. App. LEXIS 27709* (Fed. Cir. 2007) ......................... *passim*

*Arlanexo USA LLC v. United States,*
    337 F.Supp. 3d 1350 (Ct. Int'l Trade Rule 2018)....................................25

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009)................................................................................24

*Cambridge v. United States,*
    558 F.3d 1331 (Fed. Cir. 2009)...............................................................23

*Canadian Wheat Bd. v. United States,*
    32 C.I.T. 1116 (Ct. Int'l Trade 2008) ......................................15, 16, 17

*Celta Agencies, Inc. v. United States,*
    36 C.I.T. 1361 (Ct. Int'l Trade 2012) .......................................... *passim*

*Chae v. Sec'y of the Treasury,*
    518 F.Supp. 3d 1383 (Ct. Int'l Trade 2021) ...........................................12

*Consolidated Bearings Co. v. United States,*
    348 F.3d 997 (Fed. Cir. 2003)....................................................... *passim*

*Dental EZ, Inc. v. United States,*
    31 C.I.T. 985 (Ct. Int'l Trade 2007) ............................................ *passim*

*Diamond Sawblades Mfrs. Coalition v. United States,*
    36 C.I.T. 515 (Ct. Int'l Trade 2012) ...............................................26, 27

*Foman v. Davis,*
    371 U.S. 178, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)......................25, 27

*Hylsa v. United States,*
    22 C.I.T. 44 (Ct. Int'l Trade 1998) ...............................................14, 16, 23

*Impact Steel Canada Corp. v. U.S.*,
    31 C.I.T. 2065 (Ct. Int'l Trade 2007) ....................................................16

*Int'l Custom Prod., Inc. v. United States*,
    791 F.3d 1329 (Fed. Cir. 2015)..........................................................13, 14, 21

*Intercontinental Chemicals, LLC v. United States*,
    483 F. Supp. 3d 1232 (Ct. Int'l Trade 2020) .........................................18

*Miller & Co. v. United States*,
    824 F.2d 961 (Fed. Cir. 1987)................................................................13

*NEC Corp. v. United States*,
    151 F.3d 1361 (Fed. Cir. 1998)........................................................14, 16, 23

*Norsk Hydro Can., Inc. v. United States*,
    472 F.3d 1347 (Fed. Cir. 2006)..............................................................15

*Pac Fung Feather Co. v. United States*,
    11 F.3d 114 (Fed. Cir. 1997)...........................................................14, 16, 23

*Parkdale Int'l Ltd. v. United States*,
    31 C.I.T. 1728 (Ct. Int'l Trade 2007) ..............................................14, 15

*Parkdale Int'l, Ltd. v. United States*,
    31 C.I.T. 720 (Ct. Int'l trade 2007)..................................................13, 14

*Shinyei Corp. of Am. v. United States*,
    355 F.3d 1297 (Fed. Cir. 2004)............................................................ *passim*

*SKF USA Inc. v. United States*,
    31 C.I.T. 405 (Ct. Int'l Trade 2007) ......................................................26

*St. Paul Fire & Marine Ins. Co. v. United States*,
    16 C.I.T. 633 (Ct. Int'l Trade 1992) ......................................................27

*Steel Co. v. Citizens for a Better Env't*,
    523 U.S. 83 (1998)....................................................................................12

*Tomoegawa (U.S.A.), Inc. v. United States*,
    15 C.I.T. 182 (Ct. Int'l Trade 1991) ......................................................25

*United States v. Active Frontier Int'l, Inc.*,
    2013 Ct. Intl. Trade LEXIS 9* (Ct. Int'l Trade 2013).........................26

*United States v. Active Frontier Int'l, Inc.*,
    36 C.I.T. 1358 (Ct. Int'l Trade 2012) ....................................................26

*United States v. Islip*,
   18 F.Supp.2d 1047 (Ct. Int'l Trade 1998) ..............................................................23

**Statutes**

19 U.S.C. § 1514.......................................................................................................21

28 U.S.C. § 1581 ............................................................................................... *passim*

28 U.S.C. § 1581(a) ........................................................................................... *passim*

28 U.S.C. § 1581(c) ........................................................................................... *passim*

28 U.S.C. § 1581(i) ............................................................................................ *passim*

28 U.S.C. § 1581(i)(1)(B), (D) ..................................................................................17

**Other Authorities**

United States Department of Commerce, International Trade Administration,
   "Antidumping or Countervailing Duty Order, Finding, or Suspended
   Investigation; Opportunity To Request Administrative Review," 78 Fed. Reg.
   72636, December 3, 2013 ..........................................................................................5

United States Department of Commerce, International Trade Administration,
   "Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into
   Modules, From the People's Republic of China: Final Determination of Sales
   at Less Than Fair Value, and Affirmative Final Determination of Critical
   Circumstances, in Part," 77 Fed. Reg. 63791, October 17, 2012 ..............................5

U.S. International Trade Commission, "Crystalline Silicon Photovoltaic Cells and
   Modules from China," Investigation Nos. 701-TA-481 and 731-TA-1190
   (Preliminary) (December 2011). .................................................................................5

United States Department of Commerce, International Trade Administration,
   "Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into
   Modules, From the People's Republic of China: Final Results of Antidumping
   Duty Administrative Review and Final Determination of No Shipments; 2012-
   2013," 80 Fed. Reg. 40998, July 14, 2015..................................................................6

United States Department of Commerce, International Trade Administration,
   "Non-Market Economy Antidumping Proceedings: Assessment of
   Antidumping Duties," 76 Fed. Reg. 65694, October 24, 2011...........................9, 19

**Rules**

Rule 7(d) .....................................................................................................................1

Rule 8(a)...............................................................................................................23, 24

Rule 12(b)(1) ............................................................................................................28

Rule 12(b)(6) ..........................................................................................................8, 20

Rule 15(a)(2) ...........................................................................................................1, 20

## UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:  THE HONORABLE JENNIFER CHOE-GROVES, JUDGE

| | |
|---|---|
| MS SOLAR INVESTMENTS, LLC., and its affiliates, successors and assigns, | : |
| Plaintiff, | : |
| v. | : |
| UNITED STATES OF AMERICA; U.S. DEPARTMENT OF COMMERCE; GINA RAIMONDO, U.S. SECRETARY OF COMMERCE; U.S. CUSTOMS & BORDER PROTECTION; TROY A. MILLER, SENIOR OFFICIAL PERFORMING THE DUTIES OF THE COMMISSIONER FOR U.S. CUSTOMS & BORDER PROTECTION, | Court No. 21-00303 |
| Defendants. | : |

## PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS AND MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO AMEND ITS COMPLAINT

Pursuant to the Court's Rule 7(d), Plaintiff, MS Solar Investments, LLC., and its affiliates, successors and assigns ("MS Solar") respond to and oppose Defendants' motion to dismiss for lack of subject-matter jurisdiction and for failure to state a claim upon which relief can be granted, filed with the Court on September 14, 2021.  Additionally, pursuant to the Court's Rule 15(a)(2) and based on the discussion that follows, the Court should allow Plaintiff to amend its complaint that was filed with the Court on June 25, 2021 in light of additional information that has been provided to MS Solar as a result of the jurisdictional discovery granted by the Court.

## INTRODUCTION

This case involves the failure of the U.S. Department of Commerce ("the Department" or "Commerce") to consider the record evidence in crafting its instructions to U.S. Customs and Border Protection ("CBP" or "Customs") for the liquidation of entries of solar panels imported by MS Solar.  MS Solar made all possible efforts to ensure that its imports of solar panels from the People's Republic of China ("PRC") would be liquidated at the appropriate duty rate applicable to panels it purchased from Yingli Energy (China) Company Limited ("Yingli"). Having refused to grant MS Solar its own administrative review to assess the specific rate applicable to its panel imports, the Department then ignored information submitted by MS Solar that complied with the Department's procedures for obtaining an antidumping rate other than the PRC-wide rate.  In this context and given the existence of a dispute of fact, Defendants' motion to dismiss is nothing more than an effort to avoid judicial scrutiny of its arbitrary and unreasonable actions.

Critical for this case, the discussion that follows demonstrates the extensive efforts MS Solar undertook many years ago to avoid being burdened with a punitive PRC-wide antidumping rate.  Commerce's application of the PRC-wide rate to MS Solar is an outcome that is both unjustified and unreasonable under the circumstances of this case.  MS Solar's efforts included the following:

- MS Solar timely applied for an administrative review of its entries of solar panels—the Department denied its request.
- In the alternative, MS Solar filed a Separate Rate Application that confirmed it was entitled to a separate rate because it was not under *de jure* or *de facto* control of the Chinese Government—the Department apparently ignored this submission.
- At the specific request of MS Solar, Yingli reported its sales to MS Solar in its response to the Department's antidumping questionnaire—Defendants ignore this fact, which is substantiated by the attached exhibit from the Yingli response to the Department's antidumping questionnaire.

2

Simply put, the Department's response ignores the administrative record and MS Solar's efforts to comply with the Department's stated policies.  At a minimum, there are clearly factual issues in dispute between the parties.  The Court should review the Department's failure to act in accordance with its own policy and disregard of critical facts in the administrative record.

MS Solar challenges the imposition of an unreasonable and arbitrary antidumping duty rate on imports of solar panels produced in the PRC that had been sold to, and purchased by the importer before the period of investigation and stored offshore before being imported during the relevant period of review.  A punitive PRC-wide duty was imposed based on what MS Solar believes was an erroneous directive in a non-public liquidation message issued by the Department.  It is clear that the Court has jurisdiction to hear MS Solar's case, and therefore it should deny Defendants' motion to dismiss so that MS Solar's arguments can be considered on the merits.  In addition, the Court should allow MS Solar the opportunity to amend its pleadings set forth in its complaint in light of new facts revealed by the Defendants' responses in the Court-ordered discovery that was produced on November 5, 2021.

In its complaint that was timely filed with the Court on June 25, 2021 ("Complaint"), MS Solar challenged U.S. Customs and Border Protection's assessment of the PRC-wide antidumping duty rate of 238.95% on certain imports of solar panels ("crystalline silicon photovoltaic cells, whether or not assembled into modules") originally produced in the PRC, and the U.S. Department of Commerce's liquidation instructions on which the rate was based.[1]  The

---

[1]  MS Solar also pled that it was entitled to a separate rate as an exporter and reseller of solar panels.  *See* Compl. ¶ 4.  MS Solar reasonably submitted a separate rate application on April 4, 2014.  Exhibit C.  MS Solar demonstrated that it was an exporter/reseller of subject merchandise during the Review Period and established an absence of government control (both *de jure* and *de facto*) over its exporting activities.  Defendants suggest that MS Solar did not receive a response from Commerce on its separate rate application because it was not under review (as the result of its denied administrative review application).  Def.'s Mot. To Dis. 14, ECF No. 26.  MS Solar emphasizes that it pursued all available options, including applying for a separate rate as an exporter and reseller to avoid the arbitrary and unreasonable results that triggered the complaint in this action.

PRC-wide rate was improperly applied to MS Solar's imports of solar panels manufactured and exported by Yingli notwithstanding that Yingli was assigned a company-specific rate of 0.79% by Commerce.  MS Solar brought the Complaint only after unsuccessfully attempting to obtain an explanation from CBP and the Department regarding their rationale for not applying the Yingli antidumping duty rate for MS Solar's imports of Yingli panels.  *See* Compl. ¶¶ 32-41.  MS Solar challenged the actions of both CBP and Commerce (collectively, the "Agencies") in its Complaint because it was unclear at the time it filed the complaint as to which agency—CPB or Commerce—had acted in error.

MS Solar therefore asserted jurisdiction under both 1581(a) and 1581(i) in the alternative in order to contest CBP's duty assessment and Commerce's liquidation instructions, respectively.  However, before MS Solar was given an opportunity to obtain information from the Agencies to determine the source of the incorrect antidumping duty assessment and pursue the appropriate jurisdictional basis, Defendants filed a motion to dismiss ("Defendants' Motion").  Defendants' Motion was premature because the Agencies had not provided documentation or an explanation for the application of the PRC-wide rate (238.95%) to MS Solar's imports of Yingli solar panels when MS Solar had complied with the Department's administrative procedures to ensure that it would receive Yingli's company-specific rate.[2]

In order to help ascertain the appropriate basis for jurisdiction, the Court issued a discovery order on October 8, 2021.  The order required Defendants to respond to MS Solar's discovery requests for documents and communications, as well as to respond to a number of

---

[2]    Plaintiff acknowledges that Defendants provided Commerce's April 22, 2019 non-public liquidation message 9112305 on September 13, 2021, one day prior to filing its Motion on September 14, 2021.  This liquidation message at [       ] appear to direct Customs to liquidate [       ] imports of Yingli solar panels at the PRC-wide rate.  However, the liquidation message did not fully resolve the jurisdictional question because Customs acted differently by liquidating MS Solar's imports of other, non-Yingli solar panels at the company-specific rate.  This raised a question of whether Customs had acted independently and engaged in its own decision-making process when assessing MS Solar's imports of solar panels.

interrogatories.  The discovery requests sought specific information on CBP's and Commerce's roles and decision-making in determining the antidumping duty rate to apply to MS Solar, based on the final results of Commerce's administrative review.  MS Solar's discovery requests included, for example, a request for a copy of Commerce's non-public liquidation instructions for solar panels manufactured and exported by Sun Earth Solar Power Co., Ltd ("Sun Earth Liquidation Instructions"), which were imported at the same time as the Yingli panels and yet were not assessed the PRC-wide duty rate.

Defendants responded to MS Solar's discovery request on November 5, 2021.  While most of Defendants responses are general in nature and do not directly respond to MS Solar's requests, Defendants have provided new information that MS Solar had previously requested regarding the source of the decision to assess the Yingli panels at the PRC-wide rate and the contrasting treatment afforded the Sun Earth panels.  Defendants' responses to MS Solar's interrogatories also highlight a key factual issue on which the parties appear to disagree, namely whether Yingli's sale of solar panels to MS Solar ("the sale") were, in fact, reported and known to the Department.  *See* Defs.' Resp. to Pl.'s Interrog. No. 5.  In fact the administrative record confirms that Yingli reported the sale to Commerce in its response to the antidumping questionnaire.  *See* Exhibit A.[3]  MS Solar had specifically requested and Yingli's counsel agreed to report the sale in order that any antidumping duties assessed against MS Solar's imports would receive Yingli's company-specific rate resulting from the review.

In light of the new information provided by Defendants in discovery, it is now clear that Commerce's non-public liquidation message 9112305 ("Yingli Liquidation Instructions") is the source of the error.  *See* Exhibit D.  Defendants claim that the Court does not have jurisdiction §

---

[3]    MS Solar also included the entry summary for the Yingli panels in its own filings with Commerce during the administrative review.  *See e.g.,* Exhibit C.

1581(i) because MS Solar could have brought an action under § 1581(c) is therefore based on a misunderstanding of the facts in the record.  MS Solar's sale with Yingli <u>was</u> reported to Commerce in Yingli's antidumping questionnaire response, and accordingly there was no reason for MS Solar to challenge the final results of the administrative review when it reasonably believed the Department would properly apply Yingli's specific rate to MS Solar.

The Court therefore squarely has jurisdiction under §1581(i), as MS Solar is challenging the Commerce liquidation instructions as an erroneous implementation of the results of the administrative review.  Given that the proper jurisdictional basis for this action is now clear, MS Solar requests that the Court allow it to amend its Complaint to reflect the new information provided by Defendants on November 5 and the jurisdiction under which this action properly lies.

## **FACTUAL BACKGROUND**

MS Solar, a U.S. company with its principal place of business in Purchase, NY, began purchasing and importing solar panels from the PRC to support its solar energy business beginning in 2010 and "has been an exporter and reseller of solar panels… in connection with its solar project development business."  *See* Compl. ¶ 8.  Around or prior to November 4, 2010, MS Solar purchased 700 solar panels from Yingli Green Energy Americas Inc. that were manufactured and exported by Yingli.  *See* Customs Transmittal 15, ECF No. 28-1 (hereinafter "Customs Transmittal").  MS Solar also purchased 20 solar panels from Sun Earth Solar Power Co., Ltd (formerly Ningbo Solar Electric Power Co., Ltd. before 2011) ("Sun Earth") around or prior to September 7, 2010 that were manufactured and exported by Sun Earth, and 23 solar panels from Upsolar Co., Limited ("Upsolar") around or prior to January 19, 2011 that were

exported by Upsolar but manufactured by Tianwei New Energy (Chengdu) PV Module Co., Ltd. ("Tianwei").[4]  *Id.* at 9, 13, 20.

The solar panels purchased from Yingli, Sun Earth, and Upsolar were intended to be used in solar development projects in Canada, where they were originally shipped.[5]  After the Canadian solar development projects were cancelled, the solar panels were shipped from Canada to a storage facility in the Bahamas.  The solar panels were held in storage in the Bahamas for several years before being imported again into the United States in July 2013.[6]  After their importation into the United States, the solar panels were either used in development projects in the United States or sold by MS Solar to a third party.

After MS Solar purchased the solar panels in 2010 and early 2011, Commerce subsequently received a petition on October 19, 2011, alleging in part that solar panels from the PRC were being imported and sold into the United States at less than fair value ("LFTV").  *See* U.S. International Trade Commission, Crystalline Silicon Photovoltaic Cells and Modules from China, Investigation Nos. 701-TA-481 and 731-TA-1190 (Preliminary) (December 2011). Commerce initiated an investigation into the petition's allegations on November 8, 2011 and published its Final Determination on October 17, 2012 that solar panels imported from the PRC had been sold at LFTV.  Compl. ¶ 20; *see also* United States Department of Commerce, International Trade Administration, "Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China: Final Determination of Sales at

---

[4]   The estimated purchase dates are based on the Yingli, Sun Earth, and Upsolar invoices provided in the Customs Transmittal.  To the best of Plaintiff's knowledge, the Yingli solar panels were purchased shortly before the invoice dates.

[5]   Specifically, the solar panels were shipped from the PRC to Canada via the United States and delivered to Toronto, Canada.

[6]   These facts are supported by the documentation in the Customs Transmittal and reflects our best understanding of the solar panels' shipping history.

Less Than Fair Value, and Affirmative Final Determination of Critical Circumstances, in Part,"
77 Fed. Reg. 63791, 63793, October 17, 2012.

Following Commerce's determination that solar panels from the PRC were being sold at
LFTV and that antidumping duty rates should be applied, on December 3, 2013, Commerce
invited interested parties to request administrative reviews for subject panels imported into the
United States from May 25, 2012 through November 30, 2013.  *See* United States Department of
Commerce, International Trade Administration, "Antidumping or Countervailing Duty Order,
Finding, or Suspended Investigation; Opportunity To Request Administrative Review," 78 Fed.
Reg. 72636, December 3, 2013.

MS Solar pro-actively sought to participate in Commerce's first administrative review of
solar panels imported into the United States from the period of May 25, 2012 through November
30, 2013 (the "Review Period").  *See* Compl. ¶ 22-23; Exhibit B; Exhibit C.  MS Solar did this to
ensure an accurate antidumping duty rate would be applied to its imports of subject solar panels,
including its Yingli solar panels.  As detailed below, MS Solar took all reasonable measures to
ensure that its imports of previously purchased panels that had been placed in storage in the
Bahamas prior to the Review Period would not be subject to an arbitrary and excessive
antidumping duty rate.

First, on December 31, 2013, MS Solar submitted a timely administrative review request
for Commerce to conduct a review of its entries of Yingli, Sun Earth, and Upsolar/Tianwei solar
panels.  Compl. ¶ 21; Exhibit B.  However, Commerce denied MS Solar's request for an
administrative review.  Compl. ¶ 22.

Second, MS Solar applied for a separate rate on April 4, 2014 as an exporter and reseller
of solar panels from the PRC.  Compl. ¶ 23; Exhibit C.  MS Solar's separate rate application

demonstrated both an absence of *de jure* and *de facto* government control and that it exported subject merchandise during the Review Period.  *Id.*

Third, MS Solar worked with, and sought assurance from, Yingli that it would report the pre-investigation sale of solar panels by Yingli to MS Solar to Commerce.  As a result of Commerce's policy change in 2011, it "instruct[s] CBP to apply the NME-wide rate to entries suspended at a reviewed exporter's rate, but which are not reported to or reviewed by the Department [Commerce] during the administrative review process."  *See* United States Department of Commerce, International Trade Administration, "Non-Market Economy Antidumping Proceedings: Assessment of Antidumping Duties," 76 Fed. Reg. 65694, October 24, 2011 (hereinafter "NME Policy").  Consistent with Commerce's policy, Yingli confirmed that the 2010 sale of the 700 solar panels were reported to Commerce by including it in Yingli's administrative review questionnaire.  *See* Exhibit A.  Specifically, Yingli states in its questionnaire response dated April 24, 2014:

> "In 2010 (i.e. prior to the POR), Yingli exported [                    ] to the United States, which were imported by YGEA.  These goods were sold by YGEA to [
>
>                                                    ].
>
> Yingli's understanding is that [
>
>                              ]."  Exhibit A.

Additionally, MS Solar informed Commerce of the sale in its own filings during the administrative review.  *See e.g.,* Exhibit C.

In 2015, Commerce published its final results for the administrative review of solar panels entered into the United States during the Review Period (the "Final Results").  *See* U.S. Department of Commerce, International Trade Administration, "Crystalline Silicon Photovoltaic

Cells, Whether or Not Assembled Into Modules, From the People's Republic of China: Final Results of Antidumping Duty Administrative Review and Final Determination of No Shipments; 2012-2013," (hereinafter "Final Results") 80 Fed. Reg. 40998, July 14, 2015.  The Final Results assigned varying antidumping duty rates to different manufacturers and exporters.  Although the PRC-wide rate was set at 238.95%, specific exporters including Yingli and Sun Earth were assigned far lower rates.  Yingli received a company-specific rate of 0.79% and Sun Earth 9.67% (Upsolar/Tianwei received the PRC-wide rate).  *See* Final Results, 80 Fed. Reg. 40998, 41001-02, July 14, 2015.  In light of the language of the NME Policy and Yingli having reported the MS Solar sale to Commerce, Commerce should have applied Yingli's specific rate to MS Solar's imports of Yingli solar panels.

However, over four years later, MS Solar received a liquidation bill from Customs on September 26, 2019 that indicated the PRC-wide rate of 238.95% had been applied to MS Solar's imports of the Yingli solar panels rather than Yingli's company-specific rate of 0.79%.  Compl. ¶ 25.  MS Solar assumed that Customs had merely made a clerical error.  In order to correct the error, MS Solar filed a timely protest with Customs on March 23, 2020.  Compl. ¶ 30.  The protest was denied on December 29, 2020, with no explanation for why MS Solar received the PRC-wide rate on the Yingli solar panels.  MS Solar contacted the Agencies over a period of several months in an effort to obtain an explanation and correct the error administratively.  Compl. ¶ 32-41.  After the Agencies refused to provide MS Solar with any substantive information on the rationale for their approach, MS Solar subsequently filed its Complaint with the Court on June 25, 2021.

As detailed above, MS Solar did not have enough information at the time of filing the Complaint to be certain whether Customs or Commerce had committed an error and the cause of

such error.  The Agencies would not provide MS Solar with a copy of the Yingli Liquidation

Instructions or any explanation for why the Yingli solar panels were liquidated at the PRC-wide

rate despite MS Solar's submissions in the administrative review and the reporting of its imports

by Yingli in its questionnaire response.  In response to the Court's order requiring discovery,

Defendants have recently provided some information on November 5, including the Sun Earth

Liquidation Instructions and a purported explanation for why MS Solar's of Yingli and Sun

Earth solar panels were treated differently.

Based on the above facts and in light of the new information provided by Defendants, it

is now clear that the focus of this action is Commerce's failure to consider the record evidence

submitted by MS Solar and Yingli with regard to the purchase of the imported panels.  *See*

Exhibit A; Exhibit B; Exhibit C.  As a challenge to Commerce liquidation instructions and

application of its policies, the Court's jurisdiction over this matter falls squarely within the scope

of § 1581(i).

## <u>ARGUMENT</u>

**I.      THE COURT HAS JURISDICTION OVER THIS ACTION PURSUANT
         TO 28 U.S.C. § 1581(I), AND DEFENDANTS' MOTION TO DISMISS
         SHOULD BE DENIED.**

The Court possesses subject-matter jurisdiction over MS Solar's cause of action under 28

U.S.C. § 1581(i) because the complaint alleges an error in the liquidation instructions issued by

the Department based on the results of the administrative review.  Section 1581(i) provides

exclusive jurisdiction for the Court to hear claims made against agency actions related to duties

and the administration and enforcement of duties.  Cases contesting Commerce's liquidation

instructions have consistently been determined to fall under § 1581(i), as liquidation instructions

incorporate Commerce's final antidumping duty results of an administrative review and direct

Customs to enforce those results.  Jurisdiction is not appropriate under any other subsection of §

1581, including § 1581(c) because the true nature of MS Solar's challenge to Commerce's liquidation instructions relates to <u>the administration of the final results of an administrative review</u> and not the final results themselves.  Defendants' motion for lack of subject-matter jurisdiction should be denied because MS Solar's case is a challenge to the administration and enforcement of Commerce's Final Results of the Review Period, which the Court plainly has jurisdiction to hear under § 1581(i).

### A. The Court Has Subject Matter Jurisdiction Over MS Solar's Claims.

In order for the Court to hear the merits of a case, it must exercise subject matter jurisdiction over the asserted claims.  *See Chae v. Sec'y of the Treasury*, 518 F.Supp. 3d 1383, 1391 (Ct. Int'l Trade 2021) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998).  This is a threshold inquiry and a question of law.  *See Steel Co.*, 518 F.Supp. at 94-95; *Chae*, 518 F.Supp. at 1391.  Although the "plaintiff bears the burden of establishing subject matter jurisdiction…," it is enough that "an arguable cause of action" exists for the Court to exercise subject matter jurisdiction.  *See Chae*, 518 F.Supp. at 1391 (citing *Bell v. Hood*, 327 U.S. 678 (1946)) ("absence of a valid cause of action does not defeat the Court's subject matter jurisdiction").  This case satisfies that standard.

### B. Jurisdiction under 28 U.S.C. § 1581(i) Is Proper for Challenges to Commerce's Liquidation Instructions.

The law vests the Court with subject-matter jurisdiction under the bases provided in 28 U.S.C. § 1581.  This broad grant of jurisdiction includes cases regarding Customs protests and Commerce's actions related to duties, as well as the administration and enforcement of duties.  For example, § 1581(a) provides the Court with "exclusive jurisdiction" to review the denial of a protestable Customs decision.  Under § 1581(i)(1), the Court has

"exclusive jurisdiction of any civil action commenced against the United States,

its agencies, or officers, that arises out of any law of the United States providing

for—

[…]

(B) tariffs, duties, fees, or other taxes on the importation of merchandise for

reasons other than the raising of revenue;

[…] or

(D) administration and enforcement with respect to the matters referred to in

subparagraphs (A) through (C) of this paragraph and subsections (a) – (h) of this

section."

However, the Court has not typically exercised jurisdiction simultaneously under both 1581(a)

and 1581(i) (or 1581(i) and any other subsection) and will instead only utilize one subsection as

the appropriate avenue for jurisdiction.  *See Shinyei Corp. of Am. v. United States*, 355 F.3d

1297, 1304 (Fed. Cir. 2004); *Celta Agencies, Inc. v. United States*, 36 C.I.T. 1361, 1364-1365

(Ct. Int'l Trade 2012); *Int'l Custom Prod., Inc. v. United States*, 791 F.3d 1329, 1333 (Fed. Cir.

2015); *but see Parkdale Int'l, Ltd. v. United States*, 31 C.I.T. 720, 723 (Ct. Int'l trade 2007)

("More recently, the harbor maintenance tax ("HMT") litigation demonstrative that two avenues

of § 1581 jurisdiction may exist simultaneously, at least in theory.").  It is settled law that the

Court will not dismiss a plaintiff's case for merely claiming jurisdiction on both grounds, and

will instead evaluate whether § 1581(a) or § 1581(i) applies.  *See Celta Agencies*, 36 C.I.T. at

1363, 1369.

Section 1581(i) is the Court's "broad residual jurisdiction[]" that applies when the other

subsections are not available.  *Miller & Co. v. United States*, 824 F.2d 961, 963 (Fed. Cir. 1987);

*see Consolidated Bearings Co. v. United States*, 348 F.3d 997, 1002 (Fed. Cir. 2003); *Shinyei Corp. of Am.*, 355 F.3d at 1304; *Int'l Custom Prod.*, 791 F.3d at 1332 (citing *Miller & Co.*, 824 F.2d at 963); *accord AM. Air Parcel Forwarding Co. v. United States*, 718 F.2d 1546, 1549 (Fed. Cir. 1983). The Court has "repeatedly held" that jurisdiction under § 1581(i) "may not be invoked when jurisdiction under another subsection of § 1581 is or could have been available, unless the remedy provided under that other subsection would be manifestly inadequate." (Emphasis added). *Int'l Custom Prod.*, 791 F.3d at 1332 (quoting *Miller & Co.*, 824 F.2d at 963; *see Consolidated Bearings*, 348 F.3d at 1002 (citing *Norcal/Crosetti Foods, Inc. v. United States*, 963 F.2d 356, 359 (Fed. Cir. 1992)).

In reviewing how the "court-created 'manifestly inadequate' limitation" should be applied to the "seemingly clear broad statutory grant of jurisdiction in § 1581(i)," the Court in *Parkdale Int'l, Ltd. v. United States* concluded that "where the core of a dispute… relates to a general issue of administration and enforcement policy as to the matters listed in § 1581(i)(1)-(3), § 1581(i) should function according to its terms, unless it is *clear* that another provision of § 1581 applies." *Parkdale Int'l, Ltd. v. United States*, 31 C.I.T. 720, 724 (Ct. Int'l Trade 2007). A remedy is "manifestly inadequate" where the plaintiff would be forced to prematurely challenge an agency's action in court. *See NEC Corp. v. United States*, 151 F.3d 1361, 1368 (Fed. Cir. 1998); *Hylsa v. United States*, 22 C.I.T. 44, 47 (Ct. Int'l Trade 1998); *see also Pac Fung Feather Co. v. United States*, 11 F.3d 114, 116 (Fed. Cir. 1997).

The Court has consistently held that jurisdiction is proper under § 1581(i) when a plaintiff challenges a Commerce liquidation instruction. *See Consolidated Bearings*, 348 F.3d at 1002-1003; *Shinyei Corp. of Am.*, 355 F.3d at 1304-1305; *see also Celta Agencies*, 36 C.I.T. at 1354 ("It is well established that judicial review of liquidation instructions issued by Commerce

may be had in this Court, pursuant to this Court's residual jurisdiction."). This is because, a plaintiff that challenges Commerce's liquidation instructions is contesting the *application* of the final results of Commerce's administrative review and not the final results themselves. *Consolidated Bearings*, 348 F.3d at 1002; *see Am. Signature, Inc. v. United States*, 2007 U.S. App. LEXIS 27709*, *4-6 (Fed. Cir. 2007). As a result, "liquidation instructions concern the administration and enforcement of Commerce's final determination and are therefore properly reviewed under § 1581(i)(4) [currently, § 1581(i)(1)(D)]." *Am. Signature*, 2007 U.S. App. LEXIS at *4-5 (citing *Consolidated Bearings*, 348 F.3d at 1002-03); *see also Canadian Wheat Bd. v. United States*, 32 C.I.T. 1116, 1125-1128 (Ct. Int'l Trade 2008); *Parkdale Int'l Ltd. v. United States*, 31 C.I.T. 1728, 1735-1736 (Ct. Int'l Trade 2007).

Finally, when determining whether jurisdiction under § 1581(i) is appropriate, the Court looks to the "true nature" of the claim. *See Norsk Hydro Can., Inc. v. United States,* 472 F.3d 1347, 1355 (Fed. Cir. 2006). The Court has found that the "true nature" of a challenge to Commerce's liquidation instructions is (as stated above) a challenge to the "administration and enforcement" of Commerce's final results of an administrative review and not the final results themselves. *See Am. Signature*, 2007 U.S. App. LEXIS at *5-6; *Dental EZ, Inc. v. United States*, 31 C.I.T. 985, 986-987 (Ct. Int'l Trade 2007); *see also Canadian Wheat*, 32 C.I.T. at 1127. Challenges to Commerce liquidation instructions therefore fall "squarely within the provisions of subsection (i)." *See Consolidated Bearings*, 348 F.3d at 1002.

**C.    The Court has Jurisdiction to Hear the Merits of MS Solar's Claim under 28 U.S.C. § 1581(i).**

In this case, MS Solar directly challenges Commerce liquidation instructions.[7]  The Court has determined that § 1581(i) is the proper jurisdictional basis for such a challenge because these types of actions contest the administration and enforcement of Commerce's established antidumping duties.  *See Consolidated Bearings*, 348 F.3d at 1002-1003; *Shinyei Corp. of Am.*, 355 F.3d at 1304-1305; *see also Celta Agencies*, 36 C.I.T. at 1354.  The true nature of MS Solar's action is the *application* (i.e., the administration and enforcement) of the antidumping duties provided for in the Final Results for the Review Period rather than the Final Results themselves.  *See Am. Signature*, 2007 U.S. App. LEXIS at *5-6; *Dental EZ*, 31 C.I.T. at 986-987; *see also Canadian Wheat*, 32 C.I.T. at 1127.  Jurisdiction under any other subsection would provide a manifestly inadequate remedy and would not allow MS Solar to obtain the antidumping duty rate to which it is entitled.  *See NEC Corp.*, 151 F.3d at 1368; *Hylsa*, 22 C.I.T. at 47; *see also Pac Fung Feather*, 11 F.3d at 116.  Additionally, challenges to the application of the NME Policy in creating liquidation instructions is appropriate under § 1581(i).  *See Impact Steel Canada Corp. v. U.S.*, 31 C.I.T. 2065, 2069-71 (Ct. Int'l Trade 2007) (citing *Parkdale Int'l*, 491 F.Supp.2d; *Parkdale Int'l, Ltd. v. United States*, 508 F.Supp.2d 1338 (CIT 2007)).  MS Solar's case squarely falls under § 1581(i) and the Court has jurisdiction to hear its merits.

1.    MS Solar's Challenge to Commerce's Liquidation Instructions Is Within the Jurisdiction of the Court under 28 U.S.C. § 1581(i).

As stated in MS Solar's Complaint, MS Solar "challenge[s] Commerce's non-public liquidation instructions to the extent that such instructions directed CBP to liquidate MS Solar's

---

[7]    MS Solar acknowledges that its Complaint also contested CBP's liquidation of the Yingli solar panels because at the time the Complaint was filed, MS Solar did not know whether CBP had acted in accordance with the instructions it received from the Department.

imports of Yingli solar panels at the PRC wide entity rate of 238.95%." Compl. ¶ 3. The Court

has held repeatedly that challenges to liquidation instructions fall under § 1581(i). *See*

*Consolidated Bearings*, 348 F.3d at 1002-1003; *Shinyei Corp. of Am.*, 355 F.3d at 1304-1305;

*see also Celta Agencies*, 36 C.I.T. at 1354.

For example, the plaintiff in *Consolidated Bearings* brought an action against Commerce

because the agency's liquidation instructions directed Customs to assess a higher antidumping

duty rate than the manufacturer's assigned rate established in Commerce's final results of an

administrative review. *See Consolidated Bearings*, 348 F.3d at 1000. The Court held that

jurisdiction under § 1581(i) was proper because the plaintiff's action challenged the

administration and enforcement of Commerce's antidumping duties. *Id.* at 1002. Just as in

*Consolidated Bearings*, MS Solar also challenges Commerce's liquidation instructions. This

Court should similarly exercise jurisdiction over this matter under § 1581(i) consistent with

established precedent.

      2.    <u>MS Solar's Action Takes Issue with the Administration and Enforcement</u>
                  <u>of Commerce's Final Results.</u>

It is established law that a challenge to liquidation instructions relates to the

administration and enforcement of duties. Section 1581(i) confers "exclusive jurisdiction" to the

Court over "civil actions" brought against any agency "that arise out of any law of the United

States providing for… duties… on the importation of merchandise… or… administration and

enforcement" of such duties. 28 U.S.C. § 1581(i)(1)(B), (D). The Court has found that the "true

nature" of a challenge to Commerce liquidation instructions is an action brought against the

administration and enforcement of Commerce's final results of an administrative review. *See*

*Am. Signature*, 2007 U.S. App. LEXIS at *5-6; *Dental EZ*, 31 C.I.T. at 986-987; *see also*

*Canadian Wheat*, 32 C.I.T. at 1127.

*Am. Signature* is instructive here.  In *Am. Signature*, the Court of Appeals reversed the trial court's dismissal of the plaintiff's challenge to Commerce's liquidation instructions for lack of subject-matter jurisdiction.  *See Am. Signature*, 2007 U.S. App. LEXIS at *3-4.  The Court disagreed with the government's characterization of the "true nature of ASI's [plaintiff's] claim" as "a challenge to Commerce's underlying final determination, not the liquidation instructions[.]"  *Id.* at *5.  Instead, the Court held that "[t]he true nature of ASI's [plaintiff's] claim remains a challenge to Commerce's liquidation instructions."  *Id.*  The Court remanded the case in light of the *Consolidated Bearings* precedent holding that "liquidation instructions concern the administration and enforcement of Commerce's final determination and are therefore properly reviewed under § 1581(i)(4)."  *Id.* at *4-5 (citing *Consolidated Bearings*, 348 F.3d at 1002-03.

The present case is analogous to *Am. Signature* because MS Solar takes issue with the Yingli Liquidation Instructions direction to Customs, i.e. the administration of the final results of the administrative review.  In its Complaint, MS Solar seeks the application of Yingli's company-specific rate of 0.79% to its imports of Yingli solar panels.  Compl. Prayer for Relief.  Defendants point to Commerce's NME Policy and effectively contend that there may have been an error in the Final Results that MS Solar could have challenged.  However, MS Solar's sale with Yingli was reported to Commerce consistent with the NME Policy (see Exhibit B [Yingli Questionnaire),[8] and that fact alone entitled MS Solar's imports to be assessed at the Yingli antidumping duty rate.

---

[8]   This key fact distinguishes *Intercontinental Chemicals v. United States* from the case here.  *See Intercontinental Chemicals v. United States*, 483 F. Supp. 3d 1232 (Ct. Int'l Trade 2020).  Defendants liken MS Solar's case to *Intercontinental Chemicals*, but the Court in that case finds that the "underlying issue in this case is an error in the record that influenced the Final Results of the administrative review: Fufeng's failure to include ICC in its list of importers."  *Id.* at 1240.  MS Solar was not "inadvertently omitted" from Yingli's importer list but was included in Yingli's response to Commerce's antidumping duty questionnaire.

Defendants point to the NME Policy's language that sales not reported in a reviewed company's U.S. sales database will be liquidated at the "NME-wide rate as opposed to the company-specific rate." NME Policy, 76 Fed. Reg. 65694, October 24, 2011. However, because the reported sale took place before the review period, Yingli could not report that the sale occurred during the Review Period, the dates of which set the scope of its U.S. sales database disk. Accordingly, Yingli reported and highlighted the sale in another section of its questionnaire – Section A. *See* Exhibit A. MS Solar reasonably understood and anticipated that the Department would take into account Yingli's reported sale to MS Solar pursuant to the stated NME Policy that the Department would only apply the NME-wide rate to sales that were "*not reported to* or reviewed by the Department during the administrative review process." NME Policy, 76 Fed. Reg. 65694, October 24, 2011. (Emphasis added.)

In their Motion, Defendants allege that "[t]he true nature of MS Solar's action is a challenge to the antidumping duty rate it was assessed in" Commerce's Final Results. Def.'s Mot. To Dis. 23, ECF No. 26. This is incorrect and is directly contradicted by the language of the Complaint itself. MS Solar clearly states in its Complaint that it challenges the *application* of Commerce's Final Results as set out in the Yingli Liquidation Instructions, not the Final Results themselves. MS Solar seeks the proper application of the Final Results to its imports, just like the plaintiffs in *Consolidated Bearings*, *Shinyei Corp., Am. Signature*, and *Dental EZ*. In all of these cases, the Court found that plaintiffs were challenging the "administration and enforcement" (pursuant to § 1581(i)) of Commerce's results. *See Consolidated Bearings*, 348 F.3d at 1002; *Shinyei Corp. of Am.*, 355 F.3d at 1305 (Fed. Cir. 2004) (quoting *Consolidated Bearings*); *Am. Signature*, 2007 U.S. App. LEXIS at *5-6; *Dental EZ*, 31 C.I.T. at 986-987. *Am. Signature* and *Dental EZ* specifically state that the "true nature" of the plaintiffs' challenges were

19

not to Commerce's final results or "underlying final determination" but to Commerce's

liquidation instructions.  *Am. Signature*, 2007 U.S. App. LEXIS at *5-6; *Dental EZ*, 31 C.I.T. at

986-987.  Jurisdiction was therefore found in those cases under § 1581(i) and precedent requires

the same result here.  *See id.*

        3.    <u>Jurisdiction under Any Subsection of 28 U.S.C. § 1581 Other Than §</u>
<u>1581(i) is Improper and Would Be a Manifestly Inadequate Remedy.</u>

No other subsection of § 1581 provides a potential jurisdictional basis for the type of

challenge that MS Solar has brought against the Yingli Liquidation Instructions.[9] New facts and

information made available in discovery, particularly the Sun Earth Liquidation Instructions and

Defendants' purported explanation for why MS Solar's of Yingli and Sun Earth solar panels

were treated differently, suggest that CBP's actions in this case were merely ministerial in nature

and, as a result, jurisdiction would not exist pursuant § 1581(a).  Defendants argue that

jurisdiction should be found under § 1581(c) because MS Solar could have appealed

Commerce's Final Results to ensure that MS Solar was assigned the duty rate it seeks.  But, as

stated previously, MS Solar received assurance from Yingli and the administrative record is clear

that its sale was reported to Commerce in the administrative review.  Appealing Commerce's

Final Results when it had confirmation that Commerce reviewed its sale and would receive the

lower duty rate is an example of a "manifestly inadequate" remedy for the issue at hand.  MS

Solar does not challenge the 0.79 % duty rate applicable to imports of Yingli solar panels; it

challenges the Department's failure to properly apply that result with respect to MS Solar's

imports.

---

[9]    Section 1581 confers jurisdiction on the Court for several types of claims: appeals of denied protests based on a Customs decision (§ 1581(a)), claims against the final results of an antidumping duty determination issued by Commerce (1581(c)), and cases arising out of a challenge to the administration and enforcement of duties (§ 1581(i)).  Neither § 1581(a) or (c) are proper jurisdictional bases in this case.

In its Complaint, MS Solar pled jurisdiction under both § 1581(a) and § 1581(i) because, without any information from the Agencies on the administration of the review results, it was unclear where the alleged error lay and therefore the proper basis for jurisdiction.  If the error had stemmed from a decision made by Customs, then the Court would have had jurisdiction to review the denial of the Customs protest under § 1581(a).  Alternatively, if Customs was merely acting "ministerially" under the direction of Commerce through the Yingli Liquidation Instructions, then the Court's jurisdiction would arise under the Court's residual jurisdiction under § 1581(i).  *See Celta Agencies*, 36 C.I.T. at 1364-1366 ("Ministerial actions by Customs that do no more than effectuate decisions of Commerce on the assessment of antidumping duties are not protestable decisions under 19 U.S.C. § 1514.") (citing *Mitsubishi Electronics America, Inc. v. United States*, 44 F.3d 973, 976-77 (Fed. Cir. 1994)); *see also Am. Nat'l Fire Ins. Co. v. United States*, 30 C.I.T. 931, 939-940 (Ct. Int'l Trade 2006).

Information provided by the Defendants on November 5, 2021 indicates that Customs simply implemented the instructions it received from Commerce in the Yingli Liquidation Instructions.  In response to the Court's discovery order, those instructions were provided to MS Solar's counsel by Defendants (they were also first made available prior to the Court's discovery order on September 13, 2021, after the Complaint had been filed) and indicate that Customs was instructed to liquidate MS Solar's imports of solar panels manufactured and exported by Yingli at the PRC-wide entity rate (238.95%).  In response to the Court's discovery order, Defendants also disclosed the Sun Earth liquidation message 9120304 ("Sun Earth Liquidation Instructions") on November 5, 2021.  *See* Exhibit E.  The Sun Earth Liquidation Instructions direct Customs to assess an antidumping duty rate of 9.67% for all shipments of solar panels from the PRC exported by Sun Earth during the Review Period.  Taken together, the Yingli Liquidation

Instructions and Sun Earth Liquidation Instructions suggest that Customs also simply followed the direction of Commerce and did not engage in its own decision-making with respect to the assessment of antidumping duties applicable to the Sun Earth panels.

As stated above and in its Complaint, MS Solar lacked critical information and documents at the time the Complaint was filed on June 25, 2021, to determine whether jurisdiction was proper under § 1581(a) or § 1581(i).  *See* Compl. ¶ 32-41; *see also Shinyei Corp. of Am.*, 355 F.3d at 1304; *Celta Agencies*, 36 C.I.T. at 1364-1365; *Int'l Custom Prod.*, 791 F.3d at 1333.  With the facts available at the time, MS Solar timely filed its Complaint in order for the Court to review the denial of its Customs protest under § 1581(a).  In the event that facts were later gathered to demonstrate that Customs was merely acting under the direction of Commerce, MS Solar alternatively asserted the Court has jurisdiction under § 1581(i).

MS Solar adopted the same approach as the plaintiff in *Celta Agencies*.  In that case, the plaintiff asserted jurisdiction under § 1581(a) and, in the alternative, § 1581(i), where it had filed a Customs protest challenging the assessment of duties on its imported products and Commerce's liquidation instructions.  *See Celta Agencies*, 36 C.I.T. 1361 at 1363-64.  The Court proceeded to assess whether jurisdiction was proper under § 1581(a) or 1581(i).  *See id.* at 1364-1370.  MS Solar acted appropriately in pleading jurisdiction under § 1581(i) in the alternative and in the event that Customs was following the direction of Commerce.

MS Solar's challenge does not fall within the scope of § 1581(c) because MS Solar had not asserted a challenge to Commerce's Final Results.  Defendants' claim that MS Solar is actually challenging Commerce's Final Results and could have brought a complaint under 1581(c) is not correct.  Critically, MS Solar's sale *was* reported to Commerce.  It was illogical for Yingli to report the sale in its U.S. sales database disk covering the period of review because

the sale of the Yingli solar panels occurred approximately 1 1/2 years prior to the Review Period.

Because Yingli reported the sale to Commerce, which Yingli did in its April 2014 questionnaire,

the Department had received the information it required to assess the MS Solar imports at the

Yingli company-specific antidumping duty rate in accordance with the Policy.[10]  *See* Exhibit A.

Given  that Commerce already had the entry information on the MS Solar imports, jurisdiction

under § 1581(c) would have been a "manifestly inadequate" remedy because there was no reason

for MS Solar to challenge an administrative result that was more favorable than the original

deposit rate applicable to the importation.  *See NEC Corp. v. United States*, 151 F.3d 1361, 1368

(Fed. Cir. 1998); *Hylsa v. United States*, 22 C.I.T. 44, 47 (Ct. Int'l Trade 1998); *see also Pac*

*Fung Feather Co. v. United States*, 11 F.3d 114, 116 (Fed. Cir. 1997).

> **D.      MS Solar has Stated a Claim for Relief and the Court Should Deny Defendants' Motion to Dismiss.**

MS Solar's Complaint consists of a short and plain statement upon which relief can be

granted by the Court.  MS Solar's claims meet the Rule 8(a) pleading standard and are facially

plausible because the Complaint alleges that either Customs or Commerce committed an error in

assessing the duty rates for its imports of Yingli solar panels.  The Court could grant relief to MS

Solar by declaring the Yingli Liquidation Instructions arbitrary and contrary to the Final Results.

Defendants' argument that MS Solar does not plead enough factual allegations is particularly

inappropriate given Defendants' failure to respond to reasonable requests for information, which

left MS Solar had no choice other than to file its Complaint in order to preserve its remedy.

---

[10]    The Agencies cannot now seek to ignore the fact that it had all available information in the record with regard to MS Solar's imports during the review period.  Furthermore there is a factual question as to whether Commerce actually considered the reported the sale or not.

1.   MS Solar's Complaint Includes the Required Elements to Survive a Motion to Dismiss.

The Court's Rule 8(a) states that a pleading for a claim for relief must include three basic elements: (1) a "*short and plain statement*" of the Court's jurisdiction grounds for the court's jurisdiction, (2) a "*short and plain statement* of the claim showing that the pleader is entitled to relief"; and (3) a demand for the relief sought…"  (Emphasis added).  In deciding whether to grant a Rule 12(b)(6) motion, "the Court assumes that 'all well-pled factual allegations are true,' construing 'all reasonable inferences in favor of the nonmovant.'" *See United States v. Islip*, 18 F.Supp.2d 1047, 1051 (Ct. Int'l Trade 1998) (quoting *Gould, Inc. v. United States*, 935 F.2d 1271, 1274 (Fed. Cir. 1991)).  Furthermore, the Court "must accept as true the complaint's undisputed factual allegations and should construe them in a light most favorable to the plaintiff." *Cambridge v. United States*, 558 F.3d 1331, 1335 (Fed. Cir. 2009).  A complaint will survive motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim of relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  MS Solar's Complaint meets all of these Rule 8(a) requirements and should not be dismissed.

2.   MS Solar has Sufficiently Alleged that Commerce's Liquidation Instructions Regarding Yingli Solar Panels are Inconsistent and Unreasonable in Light of the Administrative Record and the Final Results of the Administrative Review.

MS Solar pled a "short and plain statement" that jurisdiction was appropriate under § 1581(a) in the event that Customs made an error in assessing the applicable antidumping duty rates, and under § 1581(i) if (in the alternative) Commerce's liquidation instructions were the basis for the error.  MS Solar also presented a "short and plain statement" claiming that it was entitled to relief because it had received an incorrect antidumping duty rate, namely the PRC-wide entity rate when it should have received Yingli's company-specific rate.  Finally, MS Solar

made a demand that the Court declare the actions of Customs or Commerce arbitrary and otherwise contrary to law, and for the Agencies to apply the correct rate to MS Solar's imports.

MS Solar's stated claim for relief in its Complaint is clearly "plausible on its face." *Ashcroft*, 556 U.S. at 678 (2009) (quoting *Twombly*, 550 U.S. at 570 (2007)).  MS Solar stated that it was entitled to Yingli's rate that was published in Commerce's Final Results but had received the PRC-wide rate with no explanation as to why this had occurred from the Agencies. The Court is empowered to provide relief in the form of declaring the Yingli Liquidation Instructions arbitrary and contrary to law, and directing the Agencies to apply the correct rate to MS Solar's imports of Yingli solar panels.

## II.     THE COURT SHOULD GRANT PLAINTIFF'S MOTION TO AMEND ITS COMPLAINT.

MS Solar has been provided with new (and some significant) facts by the Defendants on November 5, 2021.  The information reveals the proper basis for jurisdiction, as well as potential reasons for Commerce's error in its liquidation instructions.  In light of this, the Court should allow MS Solar to amend its pleadings in the Complaint under Rule 15(a)(2) to reflect the additional factual information that Defendants have only recently disclosed.  Granting MS Solar's motion to amend is in the interest of justice and provides an efficient path to resolving the merits of this case because the amended Complaint will clearly assert one jurisdictional ground for its cause of action.

### A.     Rule 15(a)(2) Grants the Court Significant Discretion in Allowing the Amendment of Pleadings.

The Court's Rule 15(a)(2) allows a party to amend its pleadings with the court's leave. Further, the Rule states that the Court "should freely give leave when justice so requires."  The Court has viewed this Rule to be an "equitable and lenient standard."  *See Arlanexo USA LLC v. United States*, 337 F.Supp. 3d 1350, 1356 (Ct. Int'l Trade Rule 2018).  Section 15(a)(2)

25

"provides the court with great flexibility in exercising its discretion to permit an amendment to pleadings" and has been "interpreted… liberally." *Tomoegawa (U.S.A.), Inc. v. United States*, 15 C.I.T. 182 (Ct. Int'l Trade 1991) (citing C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 1430, at 219 (1990); *Silvers v. TTC Indus., Inc.*, 484 F.2d 194, 198 (6th Cir. 1973)).

The motion to amend should "as the rules require, be 'freely given'" as long as there is an "absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. …" *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962); *see United States v. Active Frontier Int'l, Inc.*, 36 C.I.T. 1358, 1361 (Ct. Int'l Trade 2012) (citing *Foman*, 371 U.S. at 182); *Diamond Sawblades Mfrs. Coalition v. United States*, 36 C.I.T. 515, 519 (Ct. Int'l Trade 2012).  In assessing the "futility" of the proposed amendment(s), the Court may look to whether the proposed amendment would meet the "factual pleading standard" such that the claim has "facial plausibility[.]"  *United States v. Active Frontier Int'l, Inc.*, 2013 Ct. Intl. Trade LEXIS 9*, *6-8 (Ct. Int'l Trade 2013) (granting the plaintiff's motion to amend its complaint that would provide further factual details regarding its cause of action); *SKF USA Inc. v. United States*, 31 C.I.T. 405, 406, 411-13 (Ct. Int'l Trade 2007).

**B.     The Court Should Grant MS Solar's Motion to Amend Its Complaint in Light of New Information Provided by Defendants in Response to Discovery Requests.**

At the time MS Solar filed its Complaint it had not been able to obtain all pertinent information and documents to determine the proper jurisdictional basis for its challenge because the Defendants had declined to provide such information in response to reasonable requests from MS Solar.  MS Solar had no choice but to file its complaint on June 25, 2021, to avoid being

time barred from seeking relief in the event that the error lie with Customs and jurisdiction was proper under § 1581(a).

After MS Solar filed its Complaint, the Agencies provided some information on November 5, 2021, in response to a Court order.  The Agencies provided (1) a copy of the Sun Earth liquidation instructions and (2) a purported explanation for why the Yingli and Sun Earth solar panels were treated differently by Commerce, which together (in conjunction with the Yingli Liquidation Instructions) suggest that Customs was following the directions of Commerce.  This made it clear that jurisdiction is more appropriate under § 1581(i) rather than § 1581(a).  Additionally, Defendants state in their responses to Plaintiff's interrogatories that MS Solar's sale with Yingli was not reported in Yingli's U.S. sales database.  This is simply not correct, because the record reflect that Yingli did report the sale to MS Solar.

As a result, MS Solar seeks to amend its Complaint by: (1) removing the jurisdictional claim under § 1581(a), (2) stating that the cause of action is based on Commerce's error in creating the liquidation instructions and potentially misapplying the NME Policy in the event that it did not review MS Solar's sale with Yingli, and (3) adding the fact that the sale was reported to Commerce.

Justice requires that the Court grant MS Solar's motion for leave to amend its Complaint because MS Solar did not previously have access to key information at the time its Complaint was filed.  MS Solar makes this request less than three weeks after having received the new information provided by Defendants.  This is the first request to amend its motion and presents plausible facts on which it can state a claim for relief.  MS Solar has not acted in "bad faith or dilatory motive," not has it repeatedly failed "to cure deficiencies by amendments previously allowed."  *Foman*, 371 U.S. 178 at 182; *see Active Frontier Int'l*, 36 C.I.T. at 1361; *Diamond*

*Sawblades Mfrs.*, 36 C.I.T. at 519.  Additionally, the Motion does not constitute an "undue delay" and would not "cause unfair prejudice" to Defendants, unlike in *St. Paul Fire & Marine Ins. Co. v. United States* where the plaintiff waited over a year after discovery to amend its complaint and may have required "additional discovery after a long delay." *St. Paul Fire & Marine Ins. Co. v. United States*, 16 C.I.T. 633, 635 (Ct. Int'l Trade 1992).  An amended Complaint will also serve the purpose of judicial economy by allowing Plaintiff the opportunity to clearly and directly state its jurisdictional basis and cause of action.

### III.    CONCLUSION

For the foregoing reasons, MS Solar respectfully requests that the Court deny the Defendant's Motion brought under the Court's Rule 12(b)(1) and 12(b)(6).  The Court is entitled to exercise jurisdiction in this challenge to Commerce liquidation instructions pursuant to § 1581(i) and consider the merits of MS Solar's case.  Dismissal at this stage would deny MS Solar the opportunity to be heard, notwithstanding making repeated efforts to avoid the arbitrary result that the Defendants now attempt to justify.  The Court should also grant MS Solar's motion to amend its Complaint in the interest of fairness and judicial economy.

Respectfully submitted,

Mark D. Herlach
Emily Rosenblum

EVERSHEDS SUTHERLAND (US) LLP
700 SIXTH STREET, NW, SUITE 700
Washington, D.C. 20001

*Counsel to MS Solar*
*Investments, LLC, and its*
*affiliates, successors and assigns*

28

**UNITED STATES COURT OF INTERNATIONAL TRADE**

BEFORE:  THE HONORABLE JENNIFER CHOE-GROVES, JUDGE

| | |
|---|---|
| MS SOLAR INVESTMENTS, LLC., and its affiliates, successors and assigns, | : |
| Plaintiff, | : |
| v. | : |
| UNITED STATES OF AMERICA; U.S. DEPARTMENT OF COMMERCE; GINA RAIMONDO, U.S. SECRETARY OF COMMERCE; U.S. CUSTOMS & BORDER PROTECTION; TROY A. MILLER, SENIOR OFFICIAL PERFORMING THE DUTIES OF THE COMMISSIONER FOR U.S. CUSTOMS & BORDER PROTECTION, | : Court No. 21-00303 |
| Defendants. | : |

## <u>ORDER</u>

Upon consideration of Plaintiff's opposition to Defendants' motion to dismiss, and all other pertinent papers filed and proceedings held in this action, it is hereby

ORDERED that Defendants' motion to dismiss is denied.

Dated: _____          _____
New York, New York                              Jennifer Choe-Groves, Judge

## <u>CERTIFICATE OF SERVICE</u>

Pursuant to the Rules of the US Court of International Trade, I hereby certify that on November 23, 2021, copies of Plaintiff's Opposition to Defendants' Motion to Dismiss and Memorandum in Support of Plaintiff's Motion to Amend Its Complaint were served on the following parties:

Attorney-In-Charge
International Trade Field Office
Commercial Litigation Branch
U.S. Department of Justice
26 Federal Plaza
New York, NY 10278

Attorney-In-Charge
Commercial Litigation Branch
U.S. Department of Justice
1100 L Street, NW
Washington, DC 20530

General Counsel Leslie Kiernan
Office of the General Counsel
U.S. Department of Commerce
1401 Constitution Ave NW
Washington, DC 20230

Chief Counsel Scott K. Falk
Office of Chief Counsel
U.S. Customs & Border Protection
1300 Pennsylvania Ave., NW
Washington, DC 20229

