# UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:  THE HONORABLE JENNIFER CHOE-GROVES, JUDGE

| | |
|---|---|
| MS SOLAR INVESTMENTS, LLC, and its affiliates, successors and assigns,<br><br>          Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA; U.S. DEPARTMENT OF COMMERCE; GINA RAIMONDO, U.S. SECRETARY OF COMMERCE; U.S. CUSTOMS & BORDER PROTECTION; TROY A. MILLER, SENIOR OFFICIAL PERFORMING THE DUTIES OF THE COMMISSIONER FOR U.S. CUSTOMS & BORDER PROTECTION,<br><br>          Defendants. | **<u>PUBLIC VERSION</u>**<br><br>Court No. 21-00303<br><br>Business Proprietary Information Redacted |

## <u>PLAINTIFF'S OPPOSITION TO DEFENDANTS'<br>MOTION TO DISMISS</u>

Mark D. Herlach
Olivia Pribich

EVERSHEDS SUTHERLAND (US) LLP
700 SIXTH STREET, NW, SUITE 700
Washington, D.C. 20001

*Counsel to MS Solar
Investments, LLC, and its
affiliates, successors and
assigns*

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

INTRODUCTION ................................................................................................... 1

BACKGROUND ................................................................................................... 3

ARGUMENT ........................................................................................................ 8

I.     THE COURT HAS JURISDICTION OVER THIS ACTION PURSUANT TO 28 U.S.C. § 1581(i), AND DEFENDANTS' MOTION TO DISMISS SHOULD BE DENIED.............................................................................................................. 8

     A.    The Court Has Subject Matter Jurisdiction Over MS Solar's Claims. ................. 8

     B.    Prior Decisions of the Court Confirm that Jurisdiction Is Proper Under 28 U.S.C. § 1581(i) for Challenges to Commerce's Liquidation Instructions. ........... 9

     C.    The Court Has Jurisdiction to Hear the Merits of MS Solar's Claim Under 28 U.S.C. § 1581(i). ........................................................................................ 11

          1.    A Challenge to Commerce's Liquidation Instructions Is Within the Jurisdiction of the Court under 28 U.S.C. § 1581(i)..................... 12

          2.    MS Solar Is Challenging Commerce's Administration and Enforcement of the Final Results of an Administrative Review. ....... 13

          3.    Jurisdiction under Any Subsection of 28 U.S.C. § 1581 Other Than § 1581(i) is Improper and Would Be a Manifestly Inadequate Remedy. ........................................................................ 16

     D.    MS SOLAR HAS STATED A CLAIM FOR RELIEF AND THE COURT SHOULD DENY DEFENDANTS' MOTION TO DISMISS............................. 17

          1.    MS Solar's Complaint Includes the Required Elements to Survive a Motion to Dismiss. ............................................................ 17

          2.    MS Solar has Sufficiently Alleged that Customs Liquated the Yingli Solar Panels in Accordance With Commerce's Liquidation Instructions, Which Were Inconsistent and Unreasonable in Light of the Administrative Record and the Final Results of the Administrative Review...................................... 18

II.    CONCLUSION.............................................................................................. 18

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*AM. Air Parcel Forwarding Co. v. United States*,
    718 F.2d 1546 (Fed. Cir. 1983)..................................................................................10

*Am. Signature, Inc. v. United States*,
    2007 U.S. App. LEXIS 27709* (Fed. Cir. 2007) ........................................... *passim*

*Canadian Wheat Bd. v. United States*,
    32 C.I.T. 1116 (Ct. Int'l Trade 2008) ........................................................12, 13, 14

*Celta Agencies, Inc. v. United States*,
    36 C.I.T. 1361 (Ct. Int'l Trade 2012) ............................................................ *passim*

*Chae v. Sec'y of the Treasury*,
    518 F.Supp. 3d 1383 (Ct. Int'l Trade 2021) ...............................................................9

*Consolidated Bearings Co. v. United States*,
    348 F.3d 997 (Fed. Cir. 2003)......................................................................... *passim*

*Dental EZ, Inc. v. United States*,
    31 C.I.T. 985 (Ct. Int'l Trade 2007) ............................................................... *passim*

*Hylsa v. United States*,
    22 C.I.T. 44 (Ct. Int'l Trade 1998) ...........................................................11, 13, 18

*Int'l Custom Prod., Inc. v. United States*,
    791 F.3d 1329 (Fed. Cir. 2015)...............................................................................10, 11

*Intercontinental Chemicals, LLC v. United States*,
    483 F. Supp. 3d 1232 (Ct. Int'l Trade 2020) ........................................................15

*Miller & Co. v. United States*,
    824 F.2d 961 (Fed. Cir. 1987)...............................................................................10, 11

*NEC Corp. v. United States*,
    151 F.3d 1361 (Fed. Cir. 1998)...........................................................................11, 13, 18

*Norsk Hydro Can., Inc. v. United States*,
    472 F.3d 1347 (Fed. Cir. 2006)...............................................................................12

*Pac Fung Feather Co. v. United States*,
    111 F.3d 114 (Fed. Cir. 1997)...........................................................................11, 13, 18

*Parkdale Int'l Ltd. v. United States*,
31 C.I.T. 1728 (Ct. Int'l Trade 2007) ........................................................... *passim*

*Shinyei Corp. of Am. v. United States*,
355 F.3d 1297 (Fed. Cir. 2004)..................................................................... *passim*

*Steel Co. v. Citizens for a Better Env't*,
523 U.S. 83 (1998)..........................................................................................9

**Statutes**

28 U.S.C. § 1581 ........................................................................................... *passim*

28 U.S.C. § 1581(i) ....................................................................................... *passim*

28 U.S.C. § 1581(i)(1)(B), (D) .........................................................................14

**Other Authorities**

United States Department of Commerce, International Trade Administration,
"Antidumping or Countervailing Duty Order, Finding, or Suspended
Investigation; Opportunity To Request Administrative Review," 78 Fed. Reg.
72636 (December 3, 2013) ...............................................................................5

United States Department of Commerce, International Trade Administration,
"Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into
Modules, From the People's Republic of China: Final Determination of Sales
at Less Than Fair Value, and Affirmative Final Determination of Critical
Circumstances, in Part," 77 Fed. Reg. 63791 (October 17, 2012)...........................4

U.S. International Trade Commission, "Crystalline Silicon Photovoltaic Cells and
Modules from China," Investigation Nos. 701-TA-481 and 731-TA-1190
(Preliminary) (December 2011)........................................................................4

**Rules**

Rule 7(d) ......................................................................................................1

Rule 12(b)(6)..........................................................................................19, 20

## UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:  THE HONORABLE JENNIFER CHOE-GROVES, JUDGE

| | |
|---|---|
| MS SOLAR INVESTMENTS, LLC, and its affiliates, successors and assigns,<br><br>        Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA; U.S. DEPARTMENT OF COMMERCE; GINA RAIMONDO, U.S. SECRETARY OF COMMERCE; U.S. CUSTOMS & BORDER PROTECTION; TROY A. MILLER, SENIOR OFFICIAL PERFORMING THE DUTIES OF THE COMMISSIONER FOR U.S. CUSTOMS & BORDER PROTECTION,<br><br>        Defendants. | Court No. 21-00303 |

## PLAINTIFF'S OPPOSITION TO DEFENDANTS'
## MOTION TO DISMISS

Pursuant to the Court's Rule 7(d), Plaintiff, MS Solar Investments, LLC, and its affiliates, successors and assigns ("MS Solar") respond to and oppose Defendants' motion to dismiss for lack of subject-matter jurisdiction and for failure to state a claim upon which relief can be granted, filed with the Court on January 26, 2022.

## INTRODUCTION

The Defendants have filed a duplicative motion to dismiss and continue to mischaracterize MS Solar's position in this action. As stated in its Complaint, in this memorandum, and in MS Solar's memorandum in opposition to Defendants' prior motion to dismiss, MS Solar does *not* challenge the PRC-wide antidumping rate or indeed any aspect of the

final results of the First Administrative Review conducted by the U.S. Department of Commerce ("the Department" or "Commerce"). Rather, this case involves the failure of the Department to consider the record evidence and follow the law in crafting its instructions to U.S. Customs and Border Protection ("CBP") for the liquidation of entries of solar panels imported by MS Solar in accordance with the results of the First Administrative Review. MS Solar made all necessary efforts to ensure that its imports of solar panels from the People's Republic of China ("PRC") would be liquidated at the specific antidumping duty rate assigned to panels purchased from Yingli Energy (China) Company Limited ("Yingli"). The Department ignored information submitted by MS Solar that complied with the Department's own procedures and entitled MS Solar imports to receive the company-specific antidumping duty rate calculated for the Chinese producer from which MS Solar had purchased the solar panels. Defendants' motion to dismiss is nothing more than an effort to avoid judicial scrutiny of the Department's arbitrary and unreasonable actions.

The Court has jurisdiction to consider MS Solar's contention that the Department disregarded the administrative record and acted in an arbitrary and capricious manner in crafting the liquidation instructions for the assessment of antidumping duties on imports of Yingli panels by MS Solar. MS Solar had specifically requested, and Yingli's counsel agreed to report, the sale to MS Solar in its response to the Department's antidumping questionnaire in order to ensure that any antidumping duties assessed against MS Solar's imports would receive Yingli's company-specific rate resulting from the review. The administrative record confirms that Yingli reported the sale to Commerce in its response to the antidumping questionnaire. *See* Exhibit B, ECF No. 38-1.[1] It is clear that the Court has jurisdiction to hear MS Solar's case, and it should

---

[1]  MS Solar also included the entry summary for the Yingli panels in its own filings with Commerce during the administrative review. *See* Exhibit C, ECF No. 38-1.

deny Defendants' motion to dismiss so that MS Solar's arguments can be considered on their merits.

## FACTUAL BACKGROUND

MS Solar, a U.S. company with its principal place of business in Purchase, NY, began purchasing and importing solar panels from the PRC to support its solar energy business beginning in 2010 and also "has been an exporter and reseller of solar panels… in connection with its solar project development business." *See* Compl. ¶ 7. Around or prior to November 4, 2010, MS Solar purchased 700 solar panels from Yingli Green Energy Americas Inc. that had been manufactured and exported by Yingli. *See* Customs Transmittal 15, ECF No. 28-1 ("Customs Transmittal"). MS Solar also purchased 20 solar panels from Sun Earth Solar Power Co., Ltd (formerly Ningbo Solar Electric Power Co., Ltd. before 2011) ("Sun Earth") around or prior to September 7, 2010 that were manufactured and exported by Sun Earth, and 23 solar panels from Upsolar Co., Limited ("Upsolar") around or prior to January 19, 2011 that were exported by Upsolar but manufactured by Tianwei New Energy (Chengdu) PV Module Co., Ltd. ("Tianwei").[2] *Id.* at 9, 13, 20.

The solar panels purchased from Yingli, Sun Earth, and Upsolar were intended to be used in solar development projects in Canada, where they were originally shipped.[3] *See* Compl. ¶ 18. After the Canadian solar development projects were cancelled, the solar panels were sent from Canada to a storage facility in the Bahamas. *Id.* The panels were held in storage in the Bahamas for several years before being imported into the United States in July 2013.[4] *See* Compl. ¶ 19.

---

[2]   The estimated purchase dates are based on the Yingli, Sun Earth, and Upsolar invoices provided in the Customs Transmittal. To the best of Plaintiff's knowledge, the Yingli solar panels were purchased shortly before the invoice dates.

[3]   Specifically, the solar panels were shipped from the PRC to Canada via the United States and delivered to Toronto, Canada.

[4]   These facts are supported by the documentation in the Customs Transmittal and reflects our best understanding of the solar panels' shipping history.

After they entered the United States, the solar panels were either used in development projects in the United States or sold by MS Solar to a third party.  *Id*.

After MS Solar purchased the solar panels in 2010 and early 2011, Commerce subsequently received a petition on October 19, 2011, alleging in part that solar panels from the PRC were being imported and sold into the United States at less than fair value ("LFTV").  *See* U.S. International Trade Commission, Crystalline Silicon Photovoltaic Cells and Modules from China, Investigation Nos. 701-TA-481 and 731-TA-1190 (Preliminary) (December 2011). Commerce initiated an investigation into the petition's allegations on November 8, 2011 and published its Final Determination on October 17, 2012 that solar panels imported from the PRC had been sold at LFTV.  Compl. ¶ 22; *see also* United States Department of Commerce, International Trade Administration, "Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, From the People's Republic of China: Final Determination of Sales at Less Than Fair Value, and Affirmative Final Determination of Critical Circumstances, in Part," 77 Fed. Reg. 63791, 63793, October 17, 2012.

Following Commerce's determination that solar panels from the PRC were being sold at LFTV and that antidumping duty rates should be applied, on December 3, 2013, Commerce invited interested parties to request administrative reviews for subject panels imported into the United States from May 25, 2012 through November 30, 2013.  *See* United States Department of Commerce, International Trade Administration, "Antidumping or Countervailing Duty Order, Finding, or Suspended Investigation; Opportunity To Request Administrative Review," 78 Fed. Reg. 72636, December 3, 2013.

MS Solar proactively sought to participate in Commerce's first administrative review of solar panels imported into the United States from the period of May 25, 2012 through November

30, 2013 (the "Review Period").  *See* Compl. ¶ 23-25; Exhibit B, ECF No. 38-1.  MS Solar did this to ensure an accurate antidumping duty rate would be applied to its imports of subject solar panels, including its Yingli solar panels.  As detailed below, MS Solar took all reasonable measures to ensure that its imports of previously purchased panels that had been placed in storage in the Bahamas prior to the Review Period would not be subject to an arbitrary and excessive antidumping duty rate.

First, on December 31, 2013, MS Solar submitted a timely administrative review request for Commerce to conduct a review of its entries of Yingli, Sun Earth, and Upsolar/Tianwei solar panels.  Compl. ¶ 24; Exhibit C, ECF No. 38-1.  However, Commerce denied MS Solar's request for an administrative review.  Compl. ¶ 24.

Second, MS Solar applied for a separate rate on April 4, 2014 as an exporter and reseller of solar panels from the PRC.  Compl. ¶ 25; Exhibit D, ECF No. 38-1.  MS Solar's separate rate application demonstrated both an absence of *de jure* and *de facto* government control and that it exported subject merchandise during the Review Period.  *Id.*

Third, MS Solar worked with, and sought assurance from, Yingli that it would report the pre-investigation sale of solar panels by Yingli to MS Solar to Commerce.  As a result of Commerce's policy change in 2011, it "instruct[s] CBP to apply the NME-wide rate to entries suspended at a reviewed exporter's rate, but which are not reported to or reviewed by the Department [Commerce] during the administrative review process."  *See* United States Department of Commerce, International Trade Administration, "Non-Market Economy Antidumping Proceedings: Assessment of Antidumping Duties," 76 Fed. Reg. 65694, October 24, 2011 ("NME Policy").  Consistent with Commerce's policy, Yingli reported the 2010 sale of the 700 solar panels to Commerce by describing the sale to MSSI in Yingli's response to the

Department's questionnaire in the administrative review.  *See* Exhibit B, ECF No. 38-1.

Specifically, Yingli states in its questionnaire response dated April 24, 2014:



Exhibit B, ECF No. 38-1.

Additionally, MS Solar informed Commerce of the sale and importation in its own filings during

the administrative review.  *See* Exhibit C, ECF No. 38-1.

In 2015, Commerce published its final results for the administrative review of solar

panels entered into the United States during the Review Period (the "Final Results").  *See* Final

Results 80 Fed. Reg. 40998, July 14, 2015.  The Final Results assigned varying antidumping

duty rates to different manufacturers and exporters.  Although the PRC-wide rate was set at

238.95%, specific exporters, including Yingli and Sun Earth, were assigned far lower rates.

Yingli received a company-specific rate of 0.79% and Sun Earth 9.67% (Upsolar/Tianwei

received the PRC-wide rate).  *See* Final Results 80 Fed. Reg. 40998, 41001-02, July 14, 2015.  In

light of the language of the NME Policy and Yingli having reported the MS Solar sale to

Commerce, Commerce should have applied Yingli's specific rate to MS Solar's imports of

Yingli solar panels.

However, <u>over four years later</u>, MS Solar received a liquidation bill from CBP on

September 26, 2019 that indicated the PRC-wide rate of 238.95% would be applied to MS

Solar's imports of the Yingli solar panels rather than Yingli's company-specific rate of 0.79%.

Compl. ¶ 28.  MS Solar assumed that CBP had merely made a clerical error.  In order to correct

the error, MS Solar filed a timely protest with CBP on March 23, 2020.  Compl. ¶ 33.  The

protest was denied on December 29, 2020, with no explanation of why MS Solar received the

PRC-wide rate on the Yingli solar panels.  MS Solar contacted CBP and Commerce over a

period of several months in an effort to obtain an explanation and correct the error

administratively.  Compl. ¶ 34-45.  After both CBP and Commerce refused to provide MS Solar

with any substantive information on the rationale for their approach, MS Solar filed its Original

Complaint with the Court on June 25, 2021.

      As detailed above, MS Solar did not have knowledge at the time of filing the Complaint

as to whether CBP or Commerce had committed an error in the assessed rate of duty.  CBP and

Commerce would not provide MS Solar with a copy of the Yingli Liquidation Instructions or any

explanation for why the Yingli solar panels were liquidated at the PRC-wide rate despite MS

Solar's submissions in the administrative review and the reporting of its imports by Yingli in its

questionnaire response.  In response to the Court's order requiring discovery, Defendants finally

provided some information on November 5, including the Sun Earth Liquidation Instructions and

a purported explanation for why MS Solar's of Yingli and Sun Earth solar panels were treated

differently.

      Based on this new information provided by Defendants in response to the discovery

ordered by the Court, it became clear that this action arises from the failure of Commerce to

consider the record evidence submitted by MS Solar and Yingli in drafting its liquidation

instructions for CBP.  *See* Exhibit B, ECF No. 38-1; Exhibit C, ECF No. 38-1.  With this

information, which it did not have at the time it filed the Original Complaint, MS Solar filed its

First Amended Complaint on November 23, 2021. The First Amended Complaint makes clear

that, as a challenge to Commerce liquidation instructions and application of its policies, the

Court's jurisdiction over this matter falls squarely within the scope of § 1581(i).

## ARGUMENT

**I.      THE COURT HAS JURISDICTION OVER THIS ACTION PURSUANT TO 28 U.S.C. § 1581(i), AND DEFENDANTS' MOTION TO DISMISS SHOULD BE DENIED.**

The Court possesses subject-matter jurisdiction over MS Solar's cause of action under 28

U.S.C. § 1581(i) because the complaint alleges an error in the liquidation instructions issued by

the Department based on the results of the administrative review.  Section 1581(i) provides

exclusive jurisdiction for the Court to hear claims made against agency actions related to duties

and the administration and enforcement of duties.  Cases contesting Commerce's liquidation

instructions have consistently been determined to fall under § 1581(i), as liquidation instructions

necessarily reflect Commerce's final results of an administrative review and direct Customs how

to implement those results.  Jurisdiction is not appropriate under any other subsection of § 1581,

including § 1581(c), because the true nature of MS Solar's challenge to Commerce's liquidation

instructions relates to the *administration* of the final results of an administrative review and not

the final results themselves.  Defendants' motion for lack of subject-matter jurisdiction should be

denied because MS Solar has challenged the administration and enforcement of the final results

of the administrative review, which the Court plainly has jurisdiction to hear under § 1581(i).

### A.      The Court Has Subject Matter Jurisdiction Over MS Solar's Claims.

In order for the Court to hear the merits of a case, it must exercise subject matter

jurisdiction over the asserted claims.  *See Chae v. Sec'y of the Treasury*, 518 F.Supp. 3d 1383,

1391 (Ct. Int'l Trade 2021) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95

(1998).  This is a threshold inquiry and a question of law.  *See Steel Co.*, 518 F.Supp. at 94-95;

*Chae*, 518 F.Supp. at 1391.  Although the "plaintiff bears the burden of establishing subject

matter jurisdiction…," it is enough that "an arguable cause of action" exists for the Court to exercise subject matter jurisdiction. *See Chae*, 518 F.Supp. at 1391 (citing *Bell v. Hood*, 327 U.S. 678 (1946)) ("absence of a valid cause of action does not defeat the Court's subject matter jurisdiction"). This case satisfies that standard.

**B.    Prior Decisions of the Court Confirm that Jurisdiction Is Proper Under 28 U.S.C. § 1581(i) for Challenges to Commerce's Liquidation Instructions.**

The law vests the Court with subject-matter jurisdiction under the bases set forth in 28 U.S.C. § 1581. This broad grant of jurisdiction includes matters regarding Customs protests and Commerce's actions related to duties, as well as the administration and enforcement of duties. Under § 1581(i)(1), the Court has

> "exclusive jurisdiction of any civil action commenced against the United States, its agencies, or officers, that arises out of any law of the United States providing for—
>
> […]
>
> (B) tariffs, duties, fees, or other taxes on the importation of merchandise for reasons other than the raising of revenue;
>
> […] or
>
> (D) administration and enforcement with respect to the matters referred to in subparagraphs (A) through (C) of this paragraph and subsections (a) – (h) of this section."

Section 1581(i) thus is the Court's "broad residual jurisdiction[]" that applies when the other subsections are not available. *Miller & Co. v. United States*, 824 F.2d 961, 963 (Fed. Cir. 1987); *see Consolidated Bearings Co. v. United States*, 348 F.3d 997, 1002 (Fed. Cir. 2003); *Shinyei*

9

*Corp. of Am.*, 355 F.3d at 1304; *Int'l Custom Prod.*, 791 F.3d at 1332 (citing *Miller & Co.*, 824

F.2d at 963); *accord AM. Air Parcel Forwarding Co. v. United States*, 718 F.2d 1546, 1549 (Fed.

Cir. 1983).  Although § 1581(i) generally "may not be invoked when jurisdiction under another

subsection of § 1581 is or could have been available," jurisdiction under subsection (i) is

nevertheless present when "the remedy provided under th[e] other subsection would be

manifestly inadequate."  (emphasis added).  *Int'l Custom Prod.*, 791 F.3d at 1332 (quoting *Miller*

*& Co.*, 824 F.2d at 963; *see Consolidated Bearings*, 348 F.3d at 1002 (citing *Norcal/Crosetti*

*Foods, Inc. v. United States*, 963 F.2d 356, 359 (Fed. Cir. 1992)).

    In reviewing how the "court-created 'manifestly inadequate' limitation" should be

applied to the "seemingly clear broad statutory grant of jurisdiction in § 1581(i)," the Court in

*Parkdale Int'l, Ltd. v. United States* concluded that "where the core of a dispute… relates to a

general issue of administration and enforcement policy as to the matters listed in § 1581(i)(1)-

(3), § 1581(i) should function according to its terms, unless it is *clear* that another provision of §

1581 applies."  *Parkdale Int'l, Ltd. v. United States*, 31 C.I.T. 720, 724 (Ct. Int'l Trade 2007).

For example, a remedy is "manifestly inadequate" where the plaintiff would be forced to

prematurely challenge an agency's action in court.  *See NEC Corp. v. United States*, 151 F.3d

1361, 1368 (Fed. Cir. 1998); *Hylsa v. United States*, 22 C.I.T. 44, 47 (Ct. Int'l Trade 1998); *see*

*also Pac Fung Feather Co. v. United States*, 11 F.3d 114, 116 (Fed. Cir. 1997).

    The Court has consistently held that jurisdiction is proper under § 1581(i) when, as here,

a plaintiff challenges a liquidation instruction issued by Commerce.  *See Consolidated Bearings*,

348 F.3d at 1002-1003; *Shinyei Corp. of Am.*, 355 F.3d at 1304-1305; *see also Celta Agencies*,

36 C.I.T. at 1354 ("It is well established that judicial review of liquidation instructions issued by

Commerce may be had in this Court, pursuant to this Court's residual jurisdiction.").  This is

because a plaintiff that challenges Commerce's liquidation instructions is contesting the *application* of the final results of Commerce's administrative review and not the final results themselves. *Consolidated Bearings*, 348 F.3d at 1002; *see Am. Signature, Inc. v. United States*, 2007 U.S. App. LEXIS 27709*, *4-6 (Fed. Cir. 2007). As a result, "liquidation instructions concern the administration and enforcement of Commerce's final determination and are therefore properly reviewed under § 1581(i)(4) [currently, § 1581(i)(1)(D)]." *Am. Signature*, 2007 U.S. App. LEXIS at *4-5 (citing *Consolidated Bearings*, 348 F.3d at 1002-03); *see also Canadian Wheat Bd. v. United States*, 32 C.I.T. 1116, 1125-1128 (Ct. Int'l Trade 2008); *Parkdale Int'l Ltd. v. United States*, 31 C.I.T. 1728, 1735-1736 (Ct. Int'l Trade 2007).

Finally, when determining whether jurisdiction under § 1581(i) is appropriate, the Court looks to the "true nature" of the claim. *See Norsk Hydro Can., Inc. v. United States,* 472 F.3d 1347, 1355 (Fed. Cir. 2006). The Court has found that the "true nature" of a challenge to Commerce's liquidation instructions is (as stated above) a challenge to the "administration and enforcement" of Commerce's final results of an administrative review and not the final results themselves. *See Am. Signature*, 2007 U.S. App. LEXIS at *5-6; *Dental EZ, Inc. v. United States*, 31 C.I.T. 985, 986-987 (Ct. Int'l Trade 2007); *see also Canadian Wheat*, 32 C.I.T. at 1127. Challenges to Commerce liquidation instructions therefore fall "squarely within the provisions of subsection (i)." *See Consolidated Bearings*, 348 F.3d at 1002.

## C.    The Court Has Jurisdiction to Hear the Merits of MS Solar's Claim Under 28 U.S.C. § 1581(i).

In this case, MS Solar directly challenges Commerce liquidation instructions.[5] The Court has determined that § 1581(i) is the proper jurisdictional basis for such a challenge because these

---

[5]    The original Complaint also contested CBP's liquidation of the Yingli solar panels because at the time the Original Complaint was filed, MS Solar did not know whether CBP had acted in accordance with the

types of actions contest the administration and enforcement of Commerce's established antidumping duties. *See Consolidated Bearings*, 348 F.3d at 1002-1003; *Shinyei Corp. of Am.*, 355 F.3d at 1304-1305; *see also Celta Agencies*, 36 C.I.T. at 1354. The true nature of MS Solar's action is the *application* (i.e., the administration and enforcement) of the antidumping duties provided for in the Final Results for the Review Period rather than the Final Results themselves. *See Am. Signature*, 2007 U.S. App. LEXIS at *5-6; *Dental EZ*, 31 C.I.T. at 986-987; *see also Canadian Wheat*, 32 C.I.T. at 1127. Jurisdiction under any other subsection would provide a manifestly inadequate remedy and would not allow MS Solar to obtain the antidumping duty rate to which it is entitled. *See NEC Corp.*, 151 F.3d at 1368; *Hylsa*, 22 C.I.T. at 47; *see also Pac Fung Feather*, 11 F.3d at 116. Additionally, challenges to the application of the NME Policy in creating liquidation instructions is appropriate under § 1581(i). *See Impact Steel Canada Corp. v. U.S.*, 31 C.I.T. 2065, 2069-71 (Ct. Int'l Trade 2007) (citing *Parkdale Int'l*, 491 F.Supp.2d; *Parkdale Int'l, Ltd. v. United States*, 508 F.Supp.2d 1338 (CIT 2007)). MS Solar's case squarely falls under § 1581(i) and the Court has jurisdiction to hear its merits.

1.    A Challenge to Commerce's Liquidation Instructions Is Within the
Jurisdiction of the Court under 28 U.S.C. § 1581(i).

As stated in MS Solar's Complaint, MS Solar challenges Commerce's non-public liquidation instructions, which directed CBP to liquidate MS Solar's imports of Yingli solar panels at the PRC wide entity rate of 238.95%. Compl. ¶ 2. The Court has held repeatedly that challenges to liquidation instructions fall under § 1581(i). *See Consolidated Bearings*, 348 F.3d at 1002-1003; *Shinyei Corp. of Am.*, 355 F.3d at 1304-1305; *see also Celta Agencies*, 36 C.I.T. at 1354.

---

instructions it received from the Department due to Commerce's refusal to provide the liquidation instructions to MS Solar.

For example, the plaintiff in *Consolidated Bearings* brought an action against Commerce because the agency's liquidation instructions directed Customs to assess a higher antidumping duty rate than the manufacturer's assigned rate established in Commerce's final results of an administrative review. *See Consolidated Bearings*, 348 F.3d at 1000. The Court held that jurisdiction under § 1581(i) was proper because the plaintiff's action challenged the administration and enforcement of Commerce's antidumping duties. *Id.* at 1002. Just as in *Consolidated Bearings*, MS Solar also challenges Commerce's liquidation instructions. This Court should similarly exercise jurisdiction over this matter under § 1581(i) consistent with established precedent.

 2. MS Solar Is Challenging Commerce's Administration and Enforcement of the Final Results of an Administrative Review.

It is established law that a challenge to liquidation instructions relates to the administration and enforcement of duties. Section 1581(i) confers "exclusive jurisdiction" to the Court over "civil actions" brought against any agency "that arise out of any law of the United States providing for… duties… on the importation of merchandise… or… administration and enforcement" of such duties. 28 U.S.C. § 1581(i)(1)(B), (D). The Court has found that the "true nature" of a challenge to Commerce liquidation instructions is an action brought against the administration and enforcement of Commerce's final results of an administrative review. *See Am. Signature*, 2007 U.S. App. LEXIS at *5-6; *Dental EZ*, 31 C.I.T. at 986-987; *see also Canadian Wheat*, 32 C.I.T. at 1127.

*Am. Signature* is instructive here. In *Am. Signature*, the Court of Appeals reversed the trial court's dismissal of the plaintiff's challenge to Commerce's liquidation instructions for lack of subject-matter jurisdiction. *See Am. Signature*, 2007 U.S. App. LEXIS at *3-4. The Court disagreed with the government's characterization of the "true nature of ASI's [plaintiff's] claim"

as "a challenge to Commerce's underlying final determination, not the liquidation instructions[.]" *Id.* at *5. Instead, the Court held that "[t]he true nature of ASI's [plaintiff's] claim remains a challenge to Commerce's liquidation instructions." The Court remanded the case in light of the *Consolidated Bearings* precedent holding that "liquidation instructions concern the administration and enforcement of Commerce's final determination and are therefore properly reviewed under § 1581(i)(4)." *Id.* at *4-5 (citing *Consolidated Bearings*, 348 F.3d at 1002-03.

The present case is analogous to *Am. Signature* because MS Solar takes issue with the contents of the Yingli Liquidation Instructions to Customs, *not* the underlying final determination regarding the PRC-wide entity rate. In its Complaint, MS Solar simply seeks the application of Yingli's company-specific rate of 0.79% to its imports of Yingli solar panels. Compl. Prayer for Relief. Defendants point to Commerce's NME Policy and contend that there may have been an error in the Final Results that MS Solar could have challenged but that is not the case because MS Solar is not challenging the Final Results, merely their incorrect application in Commerce's instructions to CBP. MS Solar's sale with Yingli was reported to Commerce consistent with the NME Policy (see Exhibit B, ECF No. 38-1),[6] and therefore MS Solar's imports should be assessed at the specific Yingli antidumping duty rate.

Defendants point to the NME Policy's language that sales not reported in a reviewed company's U.S. sales database will be liquidated at the "NME-wide rate as opposed to the

---

[6]    This key fact distinguishes *Intercontinental Chemicals v. United States* from the case here. *See Intercontinental Chemicals v. United States*, 483 F. Supp. 3d 1232 (Ct. Int'l Trade 2020). Defendants liken MS Solar's case to *Intercontinental Chemicals*, but the Court in that case finds that the "underlying issue in this case is an error in the record that influenced the Final Results of the administrative review: Fufeng's failure to include ICC in its list of importers." *Id.* at 1240. MS Solar was not "inadvertently omitted" from Yingli's importer list but was included in Yingli's response to Commerce's antidumping duty questionnaire (and, for that matter, in MS Solar's separate rate application).

company-specific rate." NME Policy, 76 Fed. Reg. 65694, October 24, 2011.  However, because

the reported sale took place before the review period, Yingli *could not* report that the sale

occurred during the Review Period, the dates of which set the scope of its U.S. sales database.

Accordingly, Yingli reported and highlighted the sale in another section of its questionnaire –

Section A, rather than Section C.  *See* Exhibit B, ECF No. 38-1.  MS Solar reasonably

understood and anticipated that the Department would take into account Yingli's reported sale to

MS Solar pursuant because the NME Policy also states that the Department would only apply the

NME-wide rate to sales that were "*not reported to* or reviewed by the Department during the

administrative review process."  NME Policy, 76 Fed. Reg. 65694, October 24, 2011 (emphasis

supplied.)  The record confirms that the sales in question were "reported to . . . the Department."

In their latest Motion, Defendants allege that "[t]he true nature of MS Solar's action is a

challenge to the antidumping duty rate it was assessed in" Commerce's Final Results.  Def.'s

Mot. To Dis. 14, ECF No. 49.  This is incorrect and is directly contradicted by the language of

the Complaint itself.  MS Solar clearly states in its Complaint that it challenges the *application*

of Commerce's Final Results as set out in the Yingli Liquidation Instructions, not the Final

Results themselves.  *See* Compl. ¶ 2.  MS Solar seeks the proper application of the Final Results

to its imports, just like the plaintiffs in *Consolidated Bearings*, *Shinyei Corp., Am. Signature*, and

*Dental EZ*.  In all of these cases, the Court found that plaintiffs were challenging the

"administration and enforcement" (pursuant to § 1581(i)) of Commerce's results.  *See*

*Consolidated Bearings*, 348 F.3d at 1002; *Shinyei Corp. of Am.*, 355 F.3d at 1305 (Fed. Cir.

2004) (quoting *Consolidated Bearings*); *Am. Signature*, 2007 U.S. App. LEXIS at *5-6; *Dental*

*EZ*, 31 C.I.T. at 986-987.  *Am. Signature* and *Dental EZ* specifically state that the "true nature"

of the plaintiffs' challenges were not to Commerce's final results or "underlying final

determination" but to Commerce's liquidation instructions.  *Am. Signature*, 2007 U.S. App.

LEXIS at *5-6; *Dental EZ*, 31 C.I.T. at 986-987.  Jurisdiction was therefore present in those

cases under § 1581(i) and precedent requires the same result here.  *See id.*

> 3.    Jurisdiction under Any Subsection of 28 U.S.C. § 1581 Other Than §
>         1581(i) is Improper and Would Be a Manifestly Inadequate Remedy.

No other subsection of § 1581 provides a potential jurisdictional basis for the type of

challenge that MS Solar has brought against the Yingli Liquidation Instructions.[7] New facts and

information made available in discovery, particularly the Sun Earth Liquidation Instructions and

Defendants' explanation for why MS Solar's Yingli and Sun Earth solar panels were treated

differently, show that CBP's actions in this case were merely ministerial in nature and, as a

result, jurisdiction does not exist pursuant § 1581(a).

Defendants argue incorrectly that jurisdiction should be found under § 1581(c) because

MS Solar could have appealed Commerce's Final Results to ensure that MS Solar was assigned

the duty rate it seeks.  But, as stated previously, MS Solar does not challenge the 0.79 % duty

rate applicable to imports of Yingli solar panels; it challenges the Department's failure to

properly apply that result with respect to MS Solar's imports.  The administrative record is clear

that Yingli's sale to MS Solar was reported to Commerce by Yingli during the administrative

review.[8]  *See* Exhibit B, ECF No. 38-1.  Appealing Commerce's Final Results when it had

confirmation that its sale had been reported to Commerce and a reasonable expectation that it

would receive the lower duty rate thus is an example of a "manifestly inadequate" remedy for the

---

[7]    Section 1581 confers jurisdiction on the Court for several types of claims: appeals of denied protests based on a
Customs decision (§ 1581(a)), claims against the final results of an antidumping duty determination issued by
Commerce (1581(c)), and cases arising out of a challenge to the administration and enforcement of duties (§
1581(i)).  Neither § 1581(a) or (c) are proper jurisdictional bases in this case.

[8]    The Agencies cannot now seek to ignore the fact that it had all available information in the record with regard to
MS Solar's imports during the review period.  Furthermore there is a factual question as to whether Commerce
actually considered the reported sale or not.

issue at hand.  Given  that Commerce already had the entry information on the MS Solar imports, jurisdiction under § 1581(c) would have been a "manifestly inadequate" remedy because there was no reason for MS Solar to challenge an administrative review result that was more favorable than the original deposit rate applicable to the importation.  *See NEC Corp. v. United States*, 151 F.3d 1361, 1368 (Fed. Cir. 1998); *Hylsa v. United States*, 22 C.I.T. 44, 47 (Ct. Int'l Trade 1998); *see also Pac Fung Feather Co. v. United States*, 11 F.3d 114, 116 (Fed. Cir. 1997).

### D.   MS SOLAR HAS STATED A CLAIM FOR RELIEF AND THE COURT SHOULD DENY DEFENDANTS' MOTION TO DISMISS.

MS Solar's Amended Complaint consists of a short and plain statement upon which relief can be granted by the Court.  MS Solar's claims meet the Rule 8(a) pleading standard and are facially plausible because the Complaint alleges that Customs wrongfully liquidated MS Solar's imports of Yingli solar panels at the PRC-wide entity rate of 238.95%.  The Court could grant relief to MS Solar by declaring the Yingli Liquidation Instructions arbitrary and contrary to the Final Results – an outcome that would require Customs to liquidate the Yingli solar panels at the company-specific rate.

### 1.   MS Solar's Complaint Includes the Required Elements to Survive a Motion to Dismiss.

The Court's Rule 8(a) states that a pleading for a claim for relief must include three basic elements: (1) a "*short and plain statement*" of the Court's jurisdiction grounds for the court's jurisdiction, (2) a "*short and plain statement"* of the claim showing that the pleader is entitled to relief"; and (3) a demand for the relief sought…"  (Emphasis added).  In deciding whether to grant a Rule 12(b)(6) motion, "the Court assumes that 'all well-pled factual allegations are true,' construing 'all reasonable inferences in favor of the nonmovant.'" *See United States v. Islip*, 18 F.Supp.2d 1047, 1051 (Ct. Int'l Trade 1998) (quoting *Gould, Inc. v. United States*, 935 F.2d 1271, 1274 (Fed. Cir. 1991)).  Furthermore, the Court "must accept as true the complaint's

undisputed factual allegations and should construe them in a light most favorable to the

plaintiff." *Cambridge v. United States*, 558 F.3d 1331, 1335 (Fed. Cir. 2009). A complaint will

survive motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to 'state a

claim of relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). MS Solar's Complaint meets all of

these Rule 8(a) requirements and should not be dismissed.

> 2. <u>MS Solar has Sufficiently Alleged that Customs Liquated the Yingli Solar Panels in Accordance With Commerce's Liquidation Instructions, Which Were Inconsistent and Unreasonable in Light of the Administrative Record and the Final Results of the Administrative Review.</u>

MS Solar pled a "short and plain statement" that jurisdiction was appropriate under §

1581(i) because Commerce's liquidation instructions were the basis for the error. MS Solar also

presented a "short and plain statement" claiming that it was entitled to relief because Customs

assessed an incorrect antidumping duty rate, namely, the PRC-wide entity rate, instead of

Yingli's company-specific rate. Finally, MS Solar made a demand that the Court declare the

actions of the Department arbitrary and contrary to law, and requested the Court to direct the

Department to apply the correct duty rate to MS Solar's imports.

Given these facts, MS Solar's stated claim for relief in its Complaint is clearly "plausible

on its face." *Ashcroft*, 556 U.S. at 678 (2009) (quoting *Twombly*, 550 U.S. at 570 (2007)). The

Court is empowered to provide relief by declaring the Yingli Liquidation Instructions arbitrary

and contrary to law and by directing Commerce to instruct Customs to apply the correct rate to

MS Solar's imports of Yingli solar panels.

## II.      CONCLUSION

For the foregoing reasons, MS Solar respectfully requests that the Court deny the

Defendant's Motion brought under the Court's Rule 12(b)(1) and 12(b)(6). The Court has

jurisdiction in this challenge to Commerce liquidation instructions pursuant to § 1581(i) and should consider the merits of MS Solar's case. Dismissal at this stage would deny MS Solar an opportunity to be heard notwithstanding its repeated efforts to avoid the arbitrary result that the Defendants now attempt to justify after the fact.

Respectfully submitted,

Mark D. Herlach
Olivia Pribich

EVERSHEDS SUTHERLAND (US) LLP
700 SIXTH STREET, NW, SUITE 700
Washington, D.C. 20001

*Counsel to MS Solar*
*Investments, LLC, and its*
*affiliates, successors and assigns*

**UNITED STATES COURT OF INTERNATIONAL TRADE**

BEFORE:  THE HONORABLE JENNIFER CHOE-GROVES, JUDGE

| | |
|---|---|
| MS SOLAR INVESTMENTS, LLC, and its affiliates, successors and assigns, | : |
| Plaintiff, | : |
| v. | : |
| UNITED STATES OF AMERICA; U.S. DEPARTMENT OF COMMERCE; GINA RAIMONDO, U.S. SECRETARY OF COMMERCE; U.S. CUSTOMS & BORDER PROTECTION; TROY A. MILLER, SENIOR OFFICIAL PERFORMING THE DUTIES OF THE COMMISSIONER FOR U.S. CUSTOMS & BORDER PROTECTION, | : Court No. 21-00303 |
| Defendants. | : |

## <u>ORDER</u>

Upon consideration of Plaintiff's opposition to Defendants' motion to dismiss, and all other pertinent papers filed and proceedings held in this action, it is hereby

ORDERED that Defendants' motion to dismiss is denied.

Dated: _____
New York, New York

_____
Jennifer Choe-Groves, Judge