## UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:      THE HONORABLE JENNIFER CHOE-GROVES, JUDGE

_____
                                                    )
MS SOLAR INVESTMENTS, LLC,            )
                                                    )
                 Plaintiff,                         )
                                                    )
           v.                                       )        Court No. 21-00303
                                                    )
UNITED STATES, et al.                      )
                                                    )
                 Defendants.                       )
_____)

## DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND FAILURE TO STATE A CLAIM

                                        BRIAN M. BOYNTON
                                        Principal Deputy Assistant Attorney General

                                        PATRICIA M. McCARTHY
                                        Director

                                        JUSTIN R. MILLER
                                        Attorney-In-Charge
                                        International Trade Field Office

OF COUNSEL:
                                        AIMEE LEE
                                        Assistant Director

LESLIE M. LEWIS
Attorney                                MARCELLA POWELL
Office of the Chief Counsel             Senior Trial Counsel
    for Trade Enforcement and Compliance   International Trade Field Office
U.S. Department of Commerce             U.S. Department of Justice, Civil Division
                                        Commercial Litigation Branch
SABAHAT CHAUDHARY                       26 Federal Plaza, Room 346
Attorney                                New York, New York 10278
Office of the Assistant Chief Counsel   Tel: (212) 264-9230 or 1873
International Trade Litigation           Fax: (212) 264-1916
U.S. Customs and Border Protection      Attorneys for Defendant United States

March 30, 2022

**TABLE OF CONTENTS**

ARGUMENT ................................................................................................................ 2

I.   THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER THIS ACTION
     UNDER 28 U.S.C. § 1581(i)  AND SHOULD GRANT DEFENDANTS' MOTION TO
     DISMISS. ............................................................................................................... 2

     A.  The True Nature Of MS Solar's Claim Is A Challenge  To Commerce's Final
         Results For The First Administrative  Review Of The *Order* Properly Reviewed
         Under The Court's 1581(c) Jurisdiction ................................................................. 2

     B.  Relief Under 28 U.S.C. § 1581(c) Is Not Manifestly Inadequate. ............................12

II.  MS SOLAR'S AMENDED COMPLAINT FAILS TO STATE A CLAIM
     AGAINST CBP ...................................................................................................14

CONCLUSION .........................................................................................................17

## TABLE OF AUTHORITIES

### Cases

*Ad Hoc Shrimp Trade Action Comm. v. United States*,
   925 F. Supp. 2d 1315 (Ct. Int'l Trade 2013)........................................................................14

*American Signature, Inc. v. United States*,
   2007 WL 4224210 ........................................................................................................8, 9

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)........................................................................................................15

*Bankruptcy of North Am. Rubber Thread Co., Inc. v. United States*,
   593 F.3d 1346 (Fed. Cir. 2010) ........................................................................................12

*Belgium v. United States*,
   551 F.3d 1339 (Fed. Cir. 2009) ........................................................................................14

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007)....................................................................................................15, 16

*Chemsol, LLC v. United States*,
   755 F.3d 1345 (Fed. Cir. 2014) ........................................................................................12

*Consol. Bearings Co. v. United States*,
   348 F.3d 997 (Fed. Cir. 2003) ........................................................................................4, 5

*Duferco Steel, Inc. v. United States*,
   403 F. Supp. 2d 1281 (Ct. Int'l Trade 2005)........................................................................12

*Intercontinental Chemicals, LLC v. United States*,
   483 F. Supp. 3d 1232 (Ct. Int'l Trade 2020)................................................5, 6, 10, 11, 12

*J.S. Stone, Inc. v. United States*,
   297 F. Supp. 2d 1333 (Ct. Int'l Trade 2003)...................................................................... 4

*Miller & Co. v. United States*,
   824 F.2d 961 (Fed. Cir. 1987) ........................................................................................12

*Norsk Hydro v. United States*,
   472 F.3d 1347 (Fed. Cir. 2006) ....................................................................................5, 10

*Shinyei Corp. of Am. v. United States*,
   524 F.3d 1274 (Fed. Cir. 2008) ........................................................................................ 4

*Sioux Honey Assoc. v. United States*,
   Slip Op. 10-96, 2010 WL 3377449 (Ct. Int'l Trade Aug. 27, 2010)......................................15

*Sunpreme Inc. v. United States*,
   892 F.3d 1186 (Fed. Cir. 2018) ...................................................................5, 12

*United States v. ITT Indus., Inc.*,
   28 C.I.T. 1028 (2004), aff'd, 168 F. App'x 942 (Fed. Cir. 2006))..........................................4

*Wanxiang Am. Corp. v. United States*,
   399 F. Supp. 3d 1323 (Ct. Int'l Trade 2019).................................................................5, 7

*Zhejiang Zhaofeng Mech. & Elec. Co. v. United States*,
   355 F. Supp. 3d 1329 (Ct. Int'l Trade 2018).......................................................14

**Statutes**

19 U.S.C. § 1516a ............................................................................................... 9

19 U.S.C. § 1516a(a) .......................................................................................... 2

19 U.S.C. § 1516a(a)(2)(B) ................................................................................ 3

19 U.S.C. § 1675(a)(2)(C) .................................................................................. 4

28 U.S.C. § 1581(c) .....................................................................................*passim*

28 U.S.C. § 1581(i) ......................................................................................*passim*

28 U.S.C. § 1581(i)(2) ....................................................................................2, 3

**Rules & Regulations**

Fed. Rule Civ. Proc. 8(a)(2) .............................................................................15

19 C.F.R. § 351.301...........................................................................................13

19 C.F.R. § 351.309...........................................................................................13

**Other Authorities**

*Non-Market Economy Antidumping Proceedings*,
   76 Fed. Reg. 65,694 (Dep't of Commerce Oct. 24, 2011) ....................................3, 4, 6, 7, 13

*Initiation of Antidumping and Countervailing Duty Administrative Reviews and Request for Revocation in Part,*
  79 Fed. Reg. 6147, 6148 (Dep't of Commerce February 3, 2014) ........................................13

*Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, from the People's Republic of China,*
  80 Fed. Reg. 40,998 (Dep't of Commerce July 14, 2015) ............................................*passim*

## UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:      THE HONORABLE JENNIFER CHOE-GROVES, JUDGE

_____
                                                    )
MS SOLAR INVESTMENTS LLC,                           )
                                                    )
            Plaintiff,                              )
                                                    )
      v.                                            )        Court No. 21-00303
                                                    )
UNITED STATES, et al.                               )
                                                    )
            Defendants.                             )
_____)

## DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND FAILURE TO STATE A CLAIM

Defendants, the United States, et al. (the Government), respectfully submit this reply in support of its motion to dismiss for lack of subject matter jurisdiction and failure to state a claim. *See* ECF No. 49, 50 (Mot.). As explained in our motion and below, plaintiff, MS Solar's Amended Complaint should be dismissed. This Court lacks jurisdiction to entertain MS Solar's claim and MS Solar has failed to state a claim upon which relief can be granted by this Court even if jurisdiction was proper. In response to our motion, MS Solar fails to demonstrate that the Court possesses subject matter jurisdiction under section 1581(i), and fails to establish that its Amended Complaint states a claim upon which relief may be granted. *See* ECF No. 51, 52 (Resp.). The Court should dismiss MS Solar's Amended Complaint.

## ARGUMENT

I.   **THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER THIS ACTION UNDER 28 U.S.C. § 1581(i) AND SHOULD GRANT DEFENDANTS' MOTION TO DISMISS.**

A.   **The True Nature Of MS Solar's Claim Is A Challenge To Commerce's *Final Results* Which Is Properly Reviewed Under The Court's Section 1581(c) Jurisdiction.**

The Court lacks subject matter jurisdiction over MS Solar's claim under 28 U.S.C. § 1581(i). MS Solar characterizes its action as a challenge to the "administration and enforcement of Commerce's antidumping duties" that falls squarely within this Court's residual jurisdiction, 28 U.S.C. § 1581(i). *See* Am. Comp. ¶ 6. We moved to dismiss MS Solar's Amended Complaint for lack of jurisdiction under section 1581(i) because the true nature of MS Solar's claim is a challenge to Commerce's *Final Results* of the first administrative review. *See* Mot. at 14 (stating that the true nature of MS Solar's action challenges the antidumping duty rate assessed and applied to its entry in accordance with Commerce's *Final Results*). Contrary to MS Solar's position that jurisdiction is proper because its action "challenges the *application* of Commerce's Final Results as set out in the Yingli Liquidation Instructions, not the Final Results themselves," Resp. at 15, the liquidation instructions correctly implemented the *Final Results* of the review. *See Crystalline Silicon Photovoltaic Cells, Whether or Not Assembled Into Modules, from the People's Republic of China*, 80 Fed. Reg. 40,998 (Dep't of Commerce July 14, 2015) (*Final Results*); and Confidential Ex. B (CBP Message No. 9112305) (Yingli liquidation instructions).

As we established in our motion, judicial review under section 1581(c) is the proper jurisdictional path for MS Solar's claim—not section 1581(i). *See* Mot. at 14; *see also* 28 U.S.C. § 1581(c); 19 U.S.C. § 1516a(a); 28 U.S.C. § 1581(i)(2) ("{section 1581(i)} shall not confer

jurisdiction over an antidumping … duty determination which is reviewable by the Court of International Trade under section 516A(a) of the Tariff Act of 1930"). We also established that MS Solar should have participated in the underlying administrative review to ensure that its entry was liquidated in accordance with its expectations and, if it was dissatisfied with the *Final Results*, it should have sought judicial review under 28 U.S.C. § 1581(c). *See* Mot. at 16-17. Commerce's *Final Results* are reviewable by this Court under section 1581(c) which confers the Court with jurisdiction to review determinations made by Commerce in administrative proceedings under section 516A(a) based on the administrative record. *See* 28 U.S.C. §1581(c); 19 U.S.C. § 1516a(a)(2)(B); *see also* 28 U.S.C. § 1581(i)(2). MS Solar, however, failed to pursue relief from Commerce's administrative review during the proceeding and thereafter, under section 1581(c).

To remedy its failure, MS Solar has attempted to access the Court's section 1581(i) jurisdiction by creatively pleading its action as a challenge to the "administration and enforcement" of Commerce's liquidation instructions. *See* Am. Compl. at ¶¶ 6, 2 (identifying the Yingli liquidation instructions at CBP Message No. 9112305). In response to our motion to dismiss, MS Solar argues that this Court possesses section 1581(i) jurisdiction over its claim because "this action arises from the failure of Commerce to consider the record evidence submitted by MS Solar and Yingli in drafting its liquidation instructions." Resp. at 7. MS Solar concludes that that the "reporting" of its sale in Yingli's questionnaire, which is in the administrative record, established that the *NME Policy* should not have been applied to its entry of Yingli solar cells. *Id*. at 14-15 (citing *Non-Market Economy Antidumping Proceedings*, 76 Fed. Reg. 65,694 (Dep't of Commerce Oct. 24, 2011) (*NME Policy*)). MS Solar's attempt to mold its final results assessment rate challenge into a claim entitled to this Court's residual

jurisdiction is unavailing. The *Final Results*, allegations in MS Solar's Amended Complaint, and judicial precedent establish that section 1581(i) jurisdiction does not exist for MS Solar's claim because the proper avenue of redress for MS Solar is section 1581(c).

Commerce's liquidation instructions direct U.S. Customs and Border Protection (Customs or CBP) to implement the final results of an administrative review. *See* 19 U.S.C. § 1675(a)(2)(C) ("{the final review results} shall be the basis for the assessment of … antidumping duties on entries of merchandise covered by the determination"); *United States v. ITT Indus.*, 28 C.I.T. 1028, 1043 (2004), *aff'd*, 168 F. App'x 942 (Fed. Cir. 2006); *Consol. Bearings Co. v. United States,* 348 F.3d 997, 1002 (Fed. Cir. 2003) ("Commerce's liquidation instructions direct Customs to implement the final results of administrative reviews.") (*Consol. Bearings*); *J.S. Stone, Inc. v. United States,* 297 F. Supp. 2d 1333, 1338 (Ct. Int'l Trade 2003) ("Commerce issues its final {review} results and directs Customs to collect the appropriate antidumping duties."). Commerce's liquidation instructions effectuate and implement the *Final Results*. Indeed, Commerce has already considered evidence and information from the administrative record at issuance of its *Final Results*. Thus, a proper challenge to Commerce's liquidation instructions under 1581(i) contends that the instructions do not "accurately" (*i.e.*, lawfully) reflect the final results of the underlying administrative review. If an importer believes that the liquidation instructions issued by Commerce to Customs do not correctly reflect the final results of the administrative review, the importer may challenge those instructions in this Court under section 1581(i). *See Consol. Bearings,* 348 F.3d at 1002 (challenging liquidation instructions as inaccurate); *Shinyei Corp. of Am. v. United States*, 524 F.3d 1274, 1277 (Fed. Cir. 2008) (holding that plaintiff's challenge to Commerce's implementation of the final results through its liquidation instructions reviewable under section 1581(i) because of inconsistency

with the final results).  However, as established in our motion, there is no error in Commerce's liquidation instructions—the instructions are consistent with the *Final Results*.  *See* Mot. at 10.

In evaluating questions of jurisdiction, the Court "must look to the 'true nature of the action{.}'" *Sunpreme Inc. v. United States*, 892 F.3d 1186, 1193 (Fed. Cir. 2018) (*Sunpreme*) (quoting *Norsk Hydro v. United States*, 472 F.3d 1347, 1355 (Fed. Cir. 2006)).  When determining whether a claim challenges Commerce's liquidation instructions, the Court looks beyond the plaintiff's characterization of its claim and examines the substance of the claim to determine the source of the claimed error.  *See Intercontinental Chemicals, LLC v. United States,* 483 F. Supp. 3d 1232, 1240 (Ct. Int'l Trade 2020) (*Intercontinental Chemicals*); *Wanxiang Am. Corp. v. United States,* 399 F. Supp. 3d 1323, 1332 (Ct. Int'l Trade 2019), *aff'd,* 2021 U.S. App. LEXIS 26462 (Fed. Cir. Sep. 2, 2021); *Consolidated Bearings,* 348 F.3d at 1002.  If the error traces back to the underlying administrative review, jurisdiction under section 1581(i) is not proper.  *See Intercontinental Chemicals*, 483 F. Supp. 3d at 1240 (holding 1581(i) jurisdiction is improper where the discrepancy can be traced back to an error in the administrative review).

MS Solar insists that jurisdiction is proper because its action "challenges the *application of Commerce's Final Results* as set out in the Yingli Liquidation Instructions, not the Final Results themselves." Resp. at 15.  However, as explained in our motion and below, plaintiff has failed to allege an error or inconsistency between Commerce's *Final Results* and the liquidation instructions issued to CBP.  Mot. at 9.  Indeed, Commerce correctly applied the *Final Results* in the Yingli liquidation instructions.  *See Final Results*, 80 Fed. Reg. at 41,002; Confidential Ex. B (CBP Message No. 9112305) (Yingli liquidation instructions); *see also* Mot. at 9 ("Commerce determined the *Final Results* based on the information provided by Yingli and subsequently issued instructions consistent with the *Final Results* that directed CBP to apply Yingli's rate to

5

the merchandise Yingli reported in its U.S. sales database; to apply the PRC-wide entity rate to merchandise declared by importers as exported by Yingli, but which Yingli did not report in its U.S. sales database … {.}"). Moreover, Commerce issued liquidation instructions consistent with the *Final Results*, which stated that:

> On October 24, 2011, the Department announced a refinement to its assessment practice in NME antidumping duty cases. Pursuant to this refinement in practice, for merchandise that was not reported in the U.S. sales database submitted by an exporter individually examined during the review, but that entered under the number of that exporter (*i.e.*, at the individually-examined exporter's cash deposit rate), the Department will instruct CBP to liquidate such entries at the PRC-wide rate . . . {.}

*See Final Results*, 80 Fed. Reg. at 41,002 (citing *NME Policy*, 76 Fed. Reg. at 65,695).

Based on the information reported by Yingli during the administrative review, Commerce issued importer/customer-specific liquidation instructions on April 22, 2019. *See* Confidential Ex. B (CBP Message No. 9112305) (Yingli liquidation instructions). Although MS Solar casts its claim as a challenge to the "administration and enforcement" of Commerce's liquidation instructions, the "true nature" of MS Solar's action is a challenge to the rates assessed and applied by Commerce in its *Final Results*. Ultimately, MS Solar is not challenging Commerce's application of its *Final Results* to the liquidation instructions, but the assessment rate (*i.e.*, PRC-wide rate) which was assigned to certain MS Solar's entries during the review period. *Id.*; *see also Final Results*, 80 Fed. Reg. at 41,002 ("for merchandise that was not reported in the U.S. sales databases submitted by the exporter individually examined during this review, but that entered under the case number of that exporter … , the Department will instruct CBP to liquidate such entries at the PRC-wide rate.").

The thrust of MS Solar's claim is that the Yingli liquidation instructions are inconsistent with the *administrative record* in the underlying administrative review. *See* Am. Compl. at 49.

MS Solar seeks a new antidumping duty rate applied to its entry of solar cells based on the

underlying administrative review record. Indeed, in its Amended Complaint, MS alleges:

> Commerce should have applied Yingli's company specific rate of
> 0.79% as its sale to MS Solar had been reported and was included
> in the *administrative record*.

Am. Compl. ¶ 49 (emphasis added).

In its response brief, MS Solar argues:

> . . . This case involves the failure of the Department to consider the
> *record evidence* and follow the law in crafting its instructions to
> U.S. Customs and Border Protection ("CBP") for the liquidation of
> entries of solar panels imported by MS Solar in accordance with
> the results of the First Administrative Review.

> The Court has jurisdiction to consider MS Solar's contention that
> the Department disregarded the *administrative record* . . .

Resp. at 2 (emphasis added).

> Based on this new information provided by Defendants in response
> to the discovery ordered by the Court, it became clear that this
> action arises from the failure of Commerce to consider the *record
> evidence* submitted by MS Solar and Yingli in drafting its
> liquidation instructions for CBP.

*Id*. at 7 (emphasis added).

MS Solar asks this Court in the first instance to reopen the underlying administrative

review, review the administrative record, and determine whether record evidence establishes that

the *NME Policy* should not have applied to its entry of Yingli solar cells. If MS Solar wanted to

challenge the sufficiency of Commerce's review of the administrative record or contest that an

error was made with respect to record evidence, it was required to do so by timely challenging

the *Final Results* under 28 U.S.C. § 1581(c). *See Wanxiang Corp.*, 399 F. Supp. 3d at 1331-32

(holding that plaintiff should have timely challenged the final results of review under 1581(c)

because the original source of the alleged error lay in the underlying administrative review),

*aff'd*, 2021 U.S. App. LEXIS 26462 at *10-13.  Indeed, MS Solar could have raised its issues regarding the sufficiency of the information contained in the administrative record prior to Commerce's issuance of the *Final Results*.  Accordingly, this Court lacks jurisdiction under section 1581(i).

We have established that MS Solar's characterization of its action is belied by the *Final Results* and its own allegations and arguments.  But MS Solar's characterization of its claims also finds no support in judicial precedent.  MS Solar argues that this case is "analogous" to *American Signature, Inc. v. United States,* 2007 WL 4224210, Ct. No. 2007-1216 (Fed. Cir. 2007) (non-precedential decision) (*American Signature*), because "MS Solar takes issue with the contents of the Yingli Liquidation Instructions to Customs, <u>not</u> the underlying final determination regarding the PRC-wide entity rate."  Resp. at 14 (emphasis in original).  MS Solar's oversimplification of *American Signature* omits meaningful discussion of the facts in that case, which provided the basis for the Court's holding that jurisdiction under section 1581(i) was proper.

In *American Signature*, Commerce initiated an antidumping duty investigation of wooden bedroom furniture from China.  After publishing its preliminary determination, Commerce published an amended preliminary determination to correct ministerial errors (the cash deposit rate decreased from 19.24% to 11.85%).  *See American Signature*, 2007 WL 4224210 at *2-3. Commerce then issued revised liquidation instructions to Customs to collect cash deposits at the amended rate, but only for entries on or after the date of publication of the amended preliminary determination.  *See id*.  However, when Commerce issued a final determination that determination was still erroneous and thus it issued an amended final determination further reducing the cash deposit rate.  *Id*.  Commerce then issued liquidation instructions that directed

Customs to assess duties at the cash deposit rates in effect at the time of entry. *Id*. As a result, for merchandise entered between the dates of the preliminary and amended determinations and between the dates of the final and amended final determinations, duties were assessed at the erroneously calculated cash deposit rates. *Id*. at *3-4. Commerce did not correct for overpayment of cash deposits upon issuing liquidation instructions. *Id*.

The plaintiff in *American Signature*, an importer of subject merchandise, sued under the Court's section 1581(i) jurisdiction seeking to have Commerce's liquidation instructions "retroactively apply the reduced margin rates and reimburse for cash deposit overpayments." *Id*. at *4. The Government moved to dismiss the action for lack of jurisdiction under section 1581(i) arguing that the true nature of the plaintiff's claim was properly brought under section 1581(c) as a "challenge to Commerce's underlying final determination, not the liquidation instructions." *Id*. at *2. The Court denied the Government's motion and held that:

> The mere fact that Commerce addressed the implementation of antidumping rates in its final determination does not make the implementation itself a reviewable determination under § 1516(a). The true nature of {the plaintiff's} claim remains a challenge to Commerce's liquidation instructions.

*Id*. at *5-6. Indeed, the challenge was that Commerce's liquidation instructions did not accurately reflect the *Final Results*.

However, the facts in *American Signature* stand in stark contrast to the facts in this case. In *American Signature*, the plaintiff alleged that the liquidation instructions did not reflect Commerce's reduction of the cash deposit rates set forth in the amended preliminary and amended final determinations. *Id*. at *3-4. Commerce had amended its preliminary and final determinations but failed to correct the rates in its liquidation instructions; therefore, the importer's claim was that the liquidation instructions were inconsistent with Commerce's final

9

determination.  *Id*.  Here, MS Solar alleges that the Yingli  liquidation  instructions  are inconsistent  with the administrative  record in the underlying  administrative  review, <u>not</u> Commerce's *Final Results*.  Again, Commerce's liquidation  instructions  correctly implement  the *Final Results*.

As we established in our motion,  this  case is similar  to *Intercontinental Chemicals*.  *See* Mot. at 18 (citing  *Intercontinental Chemicals*, 483 F. Supp. 3d at 1240 (granting  the Government's  motion  to dismiss).  In *Intercontinental Chemicals*, the plaintiff,  an importer of subject merchandise,  argued that its sale was inadvertently  omitted  from the exporter's list  of importers  and as a result, its entries received an incorrect antidumping  duty rate.  *See Intercontinental Chemicals*, 483 F. Supp. 3d at 1240.  The Court dismissed  the importer's 1581(i) challenge  because the true nature of the claim fell under 1581(c) when "the underlying issue in this  case is an error in the record that influenced  the Final Results of the administrative review:  {the respondent}'s failure  to include  {the importer}  in its list of importers."  *Id*.  The liquidation  instructions  correctly  implemented  the *Final Results* and any error could be traced back to the underlying  administrative  record.  *Id*.  The Court also found that the importer  did not take the necessary steps during  the administrative  review to ensure its entries would  be liquidated in accordance with its expectations.  *Id*.  The Court added that "a plaintiff  should  not be permitted  to 'expand the court's jurisdiction  by creative pleading.'"  *Id*. (quoting *Norsk Hydro*, 472 F.3d at 1355).

MS Solar  asserts that *Intercontinental Chemicals* is distinguishable  from its action because "MS Solar was not 'inadvertently  omitted'  from Yingli's  importer list but was included in Yingli's  response to Commerce's antidumping  duty questionnaire."  Resp. at 14 n.6.  MS Solar disregards the fact that Yingli  did not report sales to MS Solar in its U.S. sales database.

10

*See* Mot. at 9 ("Yingli's U.S. sales database did not report any sales … to MS Solar during the period of review, *i.e.*, May 25, 2012 to November 30, 2013); and Am. Comp. ¶¶ 30, 52; *see also* Confidential Exhibit C, n.2, Section A Questionnaire of Yingli Energy (China) Co., Ltd.; and Am. Compl. ¶ 17 (asserting that its purchases occurred around or prior to November 4, 2010). Based on Yingli's reporting and record information, Commerce issued preliminary assessment rates to which MS Solar had access during the review as established in our motion and contrary to MS Solar's characterization that Commerce refused to provide it with certain proprietary assessment information. *See* Mot. at 3-4, 5-6 (identifying MS Solar's authorization to view proprietary information on the record and therefore, it had access to Yingli's U.S. sales database, questionnaire responses, and assessment rates); *see also* Public Exhibit A; and Am. Compl. at 2, ¶¶ 42-45 (arguing that Commerce prevented it from obtaining critical information). Nevertheless, MS Solar failed to raise the issue with Commerce during the review. *See* Mot. at 6-7. Commerce issued liquidation instructions which fully and accurately implement the *Final Results*. *See* Mot. at 7; *see also* Confidential Exhibit B, Am. Comp. ¶¶ 2-3 and 38-39 (referencing CBP Message No. 9112305) (Yingli liquidation instructions).

In this case, MS Solar repeatedly has claimed that Commerce should have considered the evidence in the *administrative record*. As we have established, Commerce did consider the evidence in the administrative record. Like the plaintiff in *Intercontinental Chemicals*, MS Solar should have participated in the administrative review to ensure that its entry was liquidated in accordance with its expectations. That MS Solar failed to raise the issue with Commerce during the administrative proceeding and now asks this Court to reopen the record and weigh the evidence demonstrates that the true nature of MS Solar's claim is a challenge properly reviewed

under section 1581(c), and therefore MS Solar's section 1581(i) claim should be dismissed by this Court as in *Intercontinental Chemicals*.

### B. Relief Under 28 U.S.C. § 1581(c) Is Not Manifestly Inadequate.

Section 1581(i) jurisdiction may not be "invoked when jurisdiction under another section of § 1581 is or could have been available, unless the remedy provided under that other subsection would be manifestly inadequate." *Sunpreme*, 892 F.3d at 1191; *see also Chemsol, LLC v. United States*, 755 F.3d 1345, 1354 (Fed. Cir. 2014) ("{W}hen relief is prospectively and realistically available under another subsection of 1581, invocation of subsection (i) is incorrect."). Indeed, "{s}ection 1581(i) is a litigant's port of last resort, and, thus, "{i}f a plaintiff can access the Court of International Trade *through . . . any other means short of invoking section 1581(i)* – it must avail itself of {that} avenue of approach." *Duferco Steel, Inc. v. United States*, 403 F. Supp. 2d 1281, 1253 (Ct. Int'l Trade 2005) (citations and internal quotations omitted) (emphasis added); *see also Trustees in Bankruptcy of North Am. Rubber Thread Co., Inc. v. United States*, 593 F.3d 1346, 1353 (Fed. Cir. 2010) (exercising jurisdiction pursuant to section 1581(i) only where remedies were unavailable under another sub-section).

MS Solar bears the burden of demonstrating manifest inadequacy. *Miller & Co. v. United States*, 824 F.2d 961, 964 (Fed. Cir. 1987). To establish manifest inadequacy, MS Solar argues that it had no reason to "appeal" the *Final Results* because "it had confirmation that its sale had been reported to Commerce and a reasonable expectation that it would receive the lower duty . . . {.}" Resp. at 16-17. As established above and in our motion, MS Solar had access to record information indicating that Yingli did not report MS Solar sales in its U.S. sales database, that MS Solar was not assigned an importer-specific assessment rate, and that the PRC-wide rate would apply when the "individually-examined exporter did not report the merchandise in its U.S.

sales database submitted to Commerce for review." *NME Policy*, 76 Fed. Reg. at 65,694.  Thus, MS Solar knew or should have known that Yingli did not report MS Solar sales in its U.S. sales database (MS Solar itself states that certain purchases occurred outside of the period of review, *i.e.*, around or prior to November 2010, *see* Am. Compl. ¶ 17), and MS Solar should have taken steps to ensure that its entry was treated in accordance with its expectations.  MS Solar does not claim that it was barred from submitting comment or case brief which would have alerted Commerce to the alleged issue and provided Commerce with an opportunity to resolve the alleged issue during the review. 19 C.F.R. §§ 351.301, 351.309.  MS Solar simply slept on its rights.  To remedy its failure, MS Solar characterizes Commerce's protection of proprietary information as the impediment to its awareness of the applicable assessment rates even though MS Solar had access to such information during the review and asks this Court to reach behind the *Final Results* to review the administrative review record and reweigh the evidence.  MS Solar's claim is precisely the type of claim that falls within section 1581(c) and relief under that section is not manifestly inadequate, thus, this Court's section 1581(i) jurisdiction is unavailable.

In our motion, we also established that this Court lacks jurisdiction under section 1581(i) to entertain Count Three of MS Solar's Amended Complaint, which alleged that MS Solar should have received a separate rate of 9.67 percent. Mot. 19-20.  Specifically, we established that MS Solar should have requested a review of its own *exports* of subject merchandise and sought the relief it seeks in this action by following the prescribed procedures to obtain a separate rate in an administrative review. *See Initiation of Antidumping and Countervailing Duty Administrative Reviews and Request for Revocation in Part*, 79 Fed. Reg. 6147, 6148 (Dep't of Commerce February 3, 2014) (*Initiation Notice*) (explaining the procedures).  As previously established, MS Solar as an importer was not entitled to separate rate treatment and to the extent

13

that it believes that as an importer it did not receive the separate rate treatment to which it believes it is entitled, MS Solar should have sought judicial review in an action brought under section 1581(c).  *See, e.g., Zhejiang Zhaofeng Mech. & Elec. Co. v. United States*, 355 F. Supp. 3d 1329 (Ct. Int'l Trade 2018); *Ad Hoc Shrimp Trade Action Comm. v. United States*, 925 F. Supp. 2d 1315 (Ct. Int'l Trade 2013).  Although MS Solar bears the burden of establishing this Court's jurisdiction, MS Solar failed to respond to our arguments regarding Count Three and failed to provide support for its allegation that this Court possesses section 1581(i) jurisdiction to hear its claim.  Accordingly, this Court also should dismiss Count Three of MS Solar's Amended Complaint.  In sum, because jurisdiction under 28 U.S.C. § 1581(c) could have been available and the remedy would not have been manifestly inadequate for all of the causes of action in the Amended Complaint, this Court lacks subject matter jurisdiction under 28 U.S.C. § 1581(i) and should dismiss this case.

## II.    MS SOLAR'S AMENDED COMPLAINT FAILS TO STATE A CLAIM AGAINST CBP.

In our motion, we established that MS Solar's Amended Complaint does not assert facts to establish a claim against CBP under the court's residual jurisdiction, 28 U.S.C. § 1581(i). Mot. at 20.  It is well-settled that CBP's role in liquidating entries that are subject to antidumping duties is purely ministerial.  *Belgium v. United States*, 551 F.3d 1339, 1343 (Fed. Cir. 2009) (explaining that Customs performs a ministerial function in executing liquidation instructions issued by Commerce).  MS Solar's Amended Complaint does not allege that CBP performed a non-ministerial act when it liquidated MS Solar's Yingli entry of solar cells in accordance with the Yingli liquidation instructions.  Accordingly, MS Solar cannot maintain any claims against CBP.

In its response, MS Solar argues that its Amended Complaint sets forth a "plausible claim" against CBP **and** Commerce because "Commerce's liquidation instructions were the basis for the error" and MS Solar "presented a 'short and plain statement' claiming that it was entitled to relief because CBP assessed an incorrect antidumping duty rate, namely, the PRC-wide entity rate, instead of Yingli's company-specific rate." Resp. at 18. As we show below, MS Solar's Amended Complaint fails to set forth a plausible claim against CBP.

To survive a motion to dismiss for failure to state a claim upon which relief can granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 678 (citing *Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. Rule Civ. Proc. 8(a)(2)); *see also Sioux Honey Assoc. v. United States*, Slip Op. 10-96, 2010 WL 3377449, *3 (Ct. Int'l Trade Aug. 27, 2010) ("Although a complaint need not contain detailed factual allegations, the '[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all of the allegations in the complaint are true (even if doubtful in fact).'" (quoting *Twombly*, 550 U.S. at 555).

Here, even assuming that MS Solar's allegations are true, it cannot state a plausible claim against CBP under section 1581(i). MS Solar's foremost grievance is that Commerce did not

consider certain record evidence in the underlying administrative review. MS Solar does not allege that CBP had a role in the underlying administrative review or that it assisted with the creation of the Yingli liquidation instructions. Furthermore, MS Solar has not alleged that CBP committed a non-ministerial act. MS Solar simply has not stated a viable claim against CBP.

## CONCLUSION

For these reasons, and for the reasons set forth in our motion to dismiss, we respectfully request that the Court dismiss MS Solar's Amended Complaint in its entirety pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction and pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA M. McCARTHY
Director

JUSTIN R. MILLER
Attorney-In-Charge
International Trade Field Office

OF COUNSEL:

By:   /s/ Aimee Lee
AIMEE LEE
Assistant Director

LESLIE M. LEWIS
Attorney
Office of the Chief Counsel
        for Trade Enforcement and Compliance
U.S. Department of Commerce


SABAHAT CHAUDHARY
Attorney
Office of the Assistant Chief Counsel
International Trade Litigation
U.S. Customs and Border Protection


March 30, 2022

/s/ Marcella Powell
MARCELLA POWELL
Senior Trial Counsel
International Trade Field Office
U.S. Department of Justice, Civil Division
Commercial Litigation Branch
26 Federal Plaza, Room 346
New York, New York 10278
Tel: (212) 264-9230 or 1873
Fax: (212) 264-1916
E-mail: marcella.powell@usdoj.gov

Attorneys for Defendant

17

**CERTIFICATE OF COMPLIANCE PURSUANT TO
USCIT STANDARD CHAMBER PROCEDURE 2(B)**

**UNITED STATES COURT OF INTERNATIONAL TRADE**

BEFORE:     THE HONORABLE JENNIFER CHOE-GROVES, JUDGE
_____
                                                              )
MS SOLAR INVESTMENTS LLC,                    )
                                                              )
              Plaintiff,                                  )
                                                              )
       v.                                                   )          Court No. 21-00303
                                                              )
UNITED STATES, et al.                              )
                                                              )
              Defendants.                             )
_____)

**CERTIFICATE OF COMPLIANCE PURSUANT TO
USCIT STANDARD CHAMBER PROCEDURE 2(B)**

   I, Marcella Powell, trial counsel in the Office of the Assistant Attorney General,

Civil Division, Commercial Litigation Branch, International Trade Field Office, who is

responsible for the foregoing brief, relying upon the Microsoft Word count feature of the

word processing program used to prepare the brief, certify that this brief complies with the

type-volume limitation under USCIT Standard Chamber Procedure 2(B) and contains 4,688

words.